## LEE v. HAMILTON, ADM'R.

1. The exemplification of a record from the State of Georgia, in these words—"Georgia, Greene County Court of Ordinary, 30th September, 1803. The within will and testament of John Finlay, dec'd, proven in open Court, by the oaths of James Wood and John Wood, subscribing witnesses to the same, who declared, they saw the same signed and acknowledged by him the said John Finlay, in his proper senses, and saw E. Park and John Buckner subscribe their names as witnesses with themselves. Thomas Carleton, Clerk. Recorded, 30th September. Thomas Carleton, Clerk,"—accompanied by a certificate, in proper form, by a succeeding Clerk, that the above, together with a copy of the will, was a true copy of the last will and testament of John Finlay, from the records of his office; and also, by a certificate of the chairman of the Court, that he was clerk—and his certificate in due form—Held, that the transcript was properly authenticated, and that the record showed that the will had been admitted to probate in the State of Georgia, and admissible in evidence in the Courts of this State.

2. Admissions of a party, are evidence against himself, but will not authorise the introduction of proof of counter declarations, made at a different time.

Error to the Circuit Court of Clarke.

THIS was an action of detinue by the defendant in error, as administrator of his wife, to recover of the plaintiff in error, certain slaves.

Upon the pleas of the general issue, and the statute of limitations, the plaintiff obtained a verdict and judgment.

On the trial of the cause, a bill of exceptions was taken by the plaintiff in error, from which it appears that the plaintiff offered in evidence a copy of the record of a will of John Finlay, deceased, in the Court of Ordinary of Greene county, in the State of Georgia, through which he claimed the slaves in the

present action.    To which the defendant objected.    The pro-
bate is as follows:

GEORGIA, GREENE COUNTY,

Court of Ordinary, 30th September, 1803.

The within will and testament of John Finlay, deceased,
proven in open Court, by the oaths of James Wood and John
Wood, subscribing witnesses thereto, who declared they saw
the same signed and acknowledged by him, the said John Fin-
lay, in his proper senses, and saw E. Park and John Buckner,
subscribe their names as witnesses with themselves.

THOMAS CARLETON, Clerk.

Recorded 30th September, 1803.

THOMAS CARLETON, Clerk.

GEORGIA, GREENE COUNTY.

I, Thomas W. Grimes, Clerk of the Inferior Court when
sitting for ordinary purposes, for the county and State afore-
said, do hereby certify that the foregoing exemplification con-
tains a true copy of the last will and testament of John Finlay,
deceased, taken from the records of my office, Book D, page
fifty-four.

Given under my hand and seal of office, this 17th June, 1836.

THOMAS W. GRIMES, Clerk.

Greene Court of Ordinary.

GEORGIA, GREENE COUNTY.

I, Thomas Stocks, Chairman of the Inferior Court, when sit-
ting for ordinary purposes, for the county and State aforesaid,
do hereby certify, that Thomas W. Grimes, whose signature
appears attached to the foregoing certificate is at this date, the
acting clerk of the Court of Ordinary, for the county of Greene,
and State aforesaid, duly appointed and commissioned, and
whose attestation as such, is intitled to all due faith and credit,
his certificate in due form, and signature genuine.

Given under my hand, this 17th day of June, 1836.

THOMAS STOCKS, Chairmain
Inferior Court, Greene Co. Ga.

The Court overruled the objections to the will and probate,
and permitted it to be read to the jury.

The plaintiff was also permitted to prove, though objection
was made by defendant's counsel, that John Dean, senior, the
father of plaintiff's wife, and through whom defendant claimed,

had on two occasions, in 1817, or 1818, and in the year 1823, on the morning of the marriage of plaintiff with the daughter of Dean, declared that Hannah and her children, were the property of his daughter, given to her by her grand-father.

The defendant then offered to prove, by witnesses, that John Dean, senior, was in the habit of declaring that he gave the negroes in controversy, to different members of his family. Sometimes he would say, it was the property of one of his children, and at other times, that it belonged to a different one, and was in the habit of making such contrary declarations of gifts, for twenty or thirty years before his death, but that he never would or did give any of his children possession of his negroes, in pursuance of such promises; which proof being objected to by plaintiff's counsel, was excluded by the Court; to all which the defendant, by his counsel, excepted, and now assign for error.

Other testimony was also offered and rejected, but not being noticed in the argument of counsel, or by the Court, is not stated.

B. F. PORTER, for plaintiff in error, contended that there was no evidence that the will had ever been admitted to probate; that the action on it in Georgia, was the mere act of the clerk; that this was the mere copy of a copy, and therefore, not evidence, and cited Aik. Dig. 250, § 22; 2 A. K. Marshall, 555; 1 Ala. 529; 4 Philips' Ev. 1065, 1137; 3 Littel, 479; 2 Cain, 363; 3 Rand. 167; 4 Wend. 543; Buller N. P. 246; 3 Starkie, 1682. As to the declarations of Dean, he cited 1 Philips' Ev. 231; 2 ib. 585; 1 Starkie's Ev. 50; 15 Johns. 292.

PECK and CLARKE, contra.

ORMOND, J.—The principal argument urged in this case is, that the transcript of the will of John Finlay, deceased, as certified by the clerk of Greene county, in the State of Georgia, is not sufficient to authorise it to be read as evidence in our Courts. The objection is, first, that it does not appear that there was any probate of the will in Georgia; and second, that it is not sufficiently authenticated as as a record, under the act of Congress.

1. The record commences with what purports to be a trans-

cript of the will of John Finlay, deceased, which is followed by the following certificate:

GEORGIA, GREENE COUNTY,

Court of Ordinary, 30th September, 1803.

The within will and testament of John Finlay, deceased, proved in open Court, by the oaths of James Wood and John Wood, subscribing witnesses to the same, who declared they saw the same signed and acknowledged by him, the said John Finlay, in his proper senses, and saw E. Park and John Buckner subscribe their names as witnesses thereto.

THOMAS CARLETON, Clerk.

Recorded 30th September, 1803.

THOMAS CARLETON, Clerk.

This is followed by a certificate of Thomas W. Grimes, who styles himself Clerk of the Inferior Court of Greene county, sitting for ordinary purposes, and certifies that the foregoing exemplification contains a true copy of the last will and testament of John Finlay, deceased, taken from the records of his office. To which is added the certificate of the Chairman of the Court, that Grimes is its Clerk, and that his certificate is in due form.

The objection urged is, that the certificate of Carleton does not show that there was any action of the Court declaring that the will was proved by the oaths of the subscribing witnesses, to have been duly executed, and that it appears to have been his own act merely. If faith is placed in the certificate of Grimes, we think it follows conclusively, that the will was proved. It is clear, that the certificate signed by Carleton, was endorsed on the will itself, at the time of the probate, and the will and certificate transferred to the records of the Court. The language admits of no other interpretation. "The within will and testament of John Finlay, proved in open Court by the oaths," &c. is a declaration by the organ of the Court, that certain facts transpired in "open Court," that is, in presence of the Judge, and with his assent. It certainly cannot be presumed by us, that an act done in *open Court*, had not the approbation of the Court, but was the mere unauthorised act of the clerk.— We think it very clear, that the will was admitted to probate in Georgia; with the mode of doing this, we have no concern.

2. Is the transcript properly authenticated under the act of

Lee *v.* Hamilton, adm'r.

Congress, of May 1790 ? That act provides, that the records and judicial proceedings of the Courts of any State, shall be proved or admitted in any other Court within the United States, by the attestation of the Clerk and the seal of the Court annexed, if there be one, together with a certificate of the Judge, Chief Justice or presiding magistrate, that the attestation is in due form. 1 Story's Laws U. S, 93.

In Dozier v. Joyce, 8 Porter, 311, we held that the decision on the probate of a will, was a judicial proceeding, and the Court in which it is registered, a Court of Record within the meaning of the act of Congress, and we then sustained the certificate of an officer of Edgefield District, South Carolina, who styled himself sole Judge of the Court of Ordinary, and also keeper of the records, and that he had the power to attest his record in the capacity of both Clerk and Judge. But in this case, the certificates of the Clerk and Judge, are within the letter of the act of Congress, the former being authenticated by the seal of his Court, and were properly admitted in evidence.

The declarations of John Dean, senior, the father of the plaintiff's wife, and through whom the defendant below claimed, were properly given in evidence. It appears that the negro woman, Hannah, sued for in this action, was bequeathed to the plaintiff's wife by her grandfather, John Finlay, and that during the minority of Mrs. Hamilton, the negro was in the possession of Dean, her father, at which time, on two several occasions, he disclaimed owning the negro, and said she belonged to his daughter, the plaintiff's wife. These declarations were certainly evidence against him, or any one claiming through him. The counter declarations of Dean at other times, were properly excluded. When the admissions of a party are given in evidence against him, any thing said by him at the same time, qualifying or controlling such admission, will be evidence for him, or in other words, any one seeking to take advantage of such admission, must take the whole together, that which makes against, as well as that which is in his favor.— But a party will not be permitted to neutralize or destroy the effect of an admission, by evidence of counter declarations at another time, which indeed would be permitting him to manufacture testimony for himself.

Some other facts are presented on the record, but as they

were not brought to our notice, or relied on in the argument of the plaintiff's counsel, we have not thought it necessary to consider them.

Let the judgment be affirmed.