## ROBERTS, EXECUTOR, vs. TRAWICK ET AL.

1. On the trial of an issue *devisavit vel non*, to test the validity of a will alleged to have been obtained by fraud and undue influence on the part of testator's wife, and in which she was the principal legatee, proponent proved a conversation between testator and the witness had two days before the will was made, in which testator spoke of his slaves giving him a great deal of trouble, and said that he did not know what to do with them; witness advised him to give one to each of his children, which he refused to do, saying "that his sons-in-law should never have any of his property and as to his daughters, as they had made their bed, so they must lie." He then offered to prove declarations of the wife, made in this conversation, to the effect that she wished her husband to make a will different from the one propounded, and which should make provision for his daughters. *Held:*

That these declarations were not admissible to sustain the will.

2. Although the declarations or admissions of a party are evidence against himself, yet they do not, when offered, justify him in introducing proof of his counter declarations, made at a different time, unless the latter form a part of the *res gestæ.*

ERROR to the Circuit Court of Pickens.

Tried before the Hon. TURNER REAVIS.

The issue in this case in the court below was *devisavit vel non.* The plaintiff in error propounded for probate a paper purporting to be the will of one Nathaniel Davis, the probate of which was contested by the defendants in error, and an issue was made up and submitted to a jury.

On the trial, the contestants introduced proof tending to show that the wife of the deceased, Elizabeth Davis, had and exercised great influence over him; that she had no children of her own, but her husband had nine by a former wife; that the step-mother was harsh and unkind to the daughters, but otherwise to two of the sons who had married her nieces; that the alleged testator was seventy-six years of age when the supposed will was made, and quite weak and inactive. They further proved, by John Willingham, that about ten days before the supposed will was made, the witness went to the house of Davis, and found him and his wife in an excited conversation; that she was crying, and left the room crying; that Davis was also excited, and after a silence of a minute, said: "All I can hear lately from some people is, a will, a will; but the laws of Alabama make a good enough will for me."

The will offered for probate is very unequal in its provisions; the daughters are given twenty-five dollars each, and the bulk of the estate, consisting of lands, money, and a large number of slaves, is given to the widow, and the two sons who had married her nieces, to whom the father had already advanced several slaves each.

To sustain the will, the proponent offered one Bradford Willingham, who deposed, that he had a conversation with the testator two days before his death, in which the latter spoke of his slaves giving him a great deal of trouble, and said he did not know what to do with them; witness then

advised him to get rid of them by giving one a-piece to each of his children; this he refused to do, saying, that his "sons-in-law should never have any of his property, and as to his daughters, as they had made their bed, so they must lie."

The proponent then offered to prove by this witness declarations of Mrs. Davis, made in this conversation, to the effect that she wished her husband to make a different will from the one propounded, and in which provision should be made for his daughters. The contestant objected to the admission of this proof, and it was ruled out by the court; to which the proponent excepted.

The refusal of the court below to allow proof of the alleged conversation of Elizabeth Davis with her husband to go to the jury, is here assigned for error.

ORMOND & NICOLSON, for plaintiff in error:

The evidence which was excluded was directly within the issue. Influence can only be exerted over the mind of another by persuasion, by threats, by promises, or by physical coercion; and the former, when proved, are as much acts as the latter; speech itself is a mode of action. When the words spoken indicate the object of inquiry, as distinguished from a mere narrative of events, they become verbal acts, and form part of the *res gestœ*. In cases of fraud, the demeanor of a party, and his expressions as constituting a part of that demeanor, and as indicating his present intentions, are received in evidence, as being a part of the *res gestœ*. Upon what principle, then, can importunities to make a will in a particular mode on one day be admissible, and advice subsequently given to make a just and proper will be excluded? Both must be admitted, as verbal acts constituting the *res gestœ*, or both must be excluded. It is the exclusive province of the jury to determine what effect, if any, this advice or importunity exerted over the testator's mind. If such declarations are not admissible, no will can be set aside for undue influence, unless obtained by actual physical coercion.

Declarations, such as these, are acts, and not hearsay. Greenleaf on Evidence, 123 § 108; 5 Term Rep. 512; 2 Bing. 99; 1 Moody & M. 338; 5 Greenl. 266; 3 Conn. 250.

E. W. PECK, *contra :*

When this case was first before this court, (13 Ala. 68,) it was held, that the declarations of Mrs. Davis, who is the principal legatee, were not admissible evidence for the contestants, to show that the will was obtained by fraud or undue influence, because there were other legatees. But to hold that her declarations may be received to establish the will, is to hold that a party in interest may be a witness in his own favor, and in his own case. These declarations were not a part of the *res gestœ ;* they were not made at the time mentioned by the witness John Willingham ; if they had been made at that time, perhaps they might be a part of the *res gestœ* of that particular transaction ; but being made at a different time, and under different circumstances, and being offered to sustain the will made in her favor, they were incompetent. The declarations of a party are not evidence in his favor, unless they form a part of the *res gestœ.* Kennedy v. Meadow, 1 Stew. & P. 220. A party's declarations or admissions are evidence against him, but will not authorize proof of counter declarations or admissions made at a different time. Lee v. Hamilton, 3 Ala. 529.

If Mrs. Davis were alive, she would not be a competent witness to prove these declarations ; and she being dead, they cannot be proved by a third person. She would be incompetent by reason of interest, and her declarations are liable to the same objections. Powell v. Powell, 10 Ala. 900.

The conversation between the testator and Bradford Willingham was not on the subject of making a will ; nothing whatever was said about a will. It was, therefore, no part of the *res gestœ* of the conversation proved.

LIGON, J.—The proof rejected by the court below was clearly inadmissible. The conversation deposed to by the witness, Bradford Willingham, as occurring between himself and the deceased, does not appear to have had any reference to a disposition of the slaves by will, but by way of gift or advancement in the lifetime of the testator. It cannot, then, be said to have formed a part of the *res gestœ* of making the will, as that document did not exist until two days afterwards, and was not alluded to by the testator in the conversation deposed to by the witness.

This is a direct attempt to bring in the declarations of a party in interest, to sustain the instrument under which she claims that interest. The law will not permit a party thus to manufacture testimony for herself. Kennedy v. Meadow, 1 S. & P. 220. The declarations or admissions of a party are evidence against himself; but when offered, they do not justify him in introducing proof of his counter declarations, made at a different time, and on a different occasion, unless such latter declarations form a part of the *res gestæ*. Lee v. Hamilton, 3 Ala. Rep. 529.

The conduct of Mrs. Davis, on the occasion spoken of by the witness John Willingham, has no connection whatever with her declarations offered to be proved by Bradford Willingham. Eight days intervened between the two occasions, and the subject of conversation is different; consequently, the introduction of evidence showing the conduct of Mrs. Davis on that occasion, will not authorize the proponent of the will to prove her declarations at another time wholly distinct from it; especially as this testimony, if admitted, would tend to establish a will in which she is the principal devisee and legatee.

Let the judgment of the court below be affirmed.