41 So.2d 585

## LOUISVILLE FIRE & MARINE INS. CO. v. ST. PAUL FIRE & MARINE INS. CO.

### 6 Div. 821.

Supreme Court of Alabama.

June 23, 1949.

Rehearing Denied July 15, 1949.

Marvin Williams, Jr. and Davies & Williams, of Birmingham, for appellee.

Jos. S. Mead, of Birmingham, for appellant.

534

BROWN, Justice.

This appeal is from an interlocutory decree of the Circuit Court of Winston County, in Equity, overruling the defendant's demurrers to the bill. The appeal is authorized by Title 7, § 755, Code of 1940. The decree was entered on the 20th day of September and the appeal was taken on the 5th day of October, 1948, which was in term time, and was returnable under § 790, Title 7, Code of 1940, on December 6, 1948. The respondent Johnson was given notice of the appeal on March 31, 1949, and citation was served on attorney for appellee on April 2, 1949. The record was filed April 19, 1949, and the case was submitted on the regular call of the 6th Div. on April 19, 1949, the day on which the record was filed.

The case was submitted on the motion to dismiss the appeal and on the merits. No point was made in the motion or otherwise relative to the delay in filing the transcript. The grounds of the motion to dismiss the appeal are based on § 801, Title 7, Code of 1940, which provides that citation must be served on the adverse party (appellee) or his attorney of record at least 10 days before the day to which the apeal is returnable, unless otherwise provided.

■■ The insistence of appellant is that the provisions of the statute as to the time of service before the appeal is returnable are mandatory and, therefore, the appeal should be dismissed. An examination of the authorities cited discloses that the courts have held that the service of a cita-tion on the adverse party is essential to the jurisdiction of the appellate court and unless notice is so served the appellate court has no jurisdiction. To that extent the statute is mandatory, but as to the time specified unless some injury or inconvenience is shown, the court will not dismiss an appeal merely because the citation was served later than the time when the appeal is returnable. Maya Corp. et al. v. Smith, 239 Ala. 470, 196 So. 125. It appears from the record that the citation on the appellee was served more than 10 days before the case was subject to call. We are, therefore, of opinion that the motion to dismiss the appeal is not well taken and it will be overruled.

■ The bill is one filed by appellee seeking a declaratory judgment or decree as to whether the complainant or respondent, or both, is liable to pay the loss sustained by Johnson, the said insured. The facts and the amount of the loss are not in controversy.

The facts alleged as constituting the justiciable controversy between the parties are that on the respective dates May 10, 1947, and January 6, 1948, the respondent issued policies insuring Johnson's household goods from loss by fire, the last mentioned policy being issued in renewal of the first and for the same amount covering a period of one year from the date of issuance. The bill further alleges that on towit, "December 17, 1947, complainant, at the request of respondent W. O. Johnson did write and prepare for delivery a policy of fire insurance to the respondent W. O. Johnson for a term of one year in the amount of $2500.00 covering said household goods of said W. O. Johnson against loss or damage by fire. Complainant further avers that at said time it was the intention of W. O. Johnson to cancel the policies then held by him and issued by Louisville Fire & Marine Insurance Company. Complainant further avers that it is informed and believes and upon such information and belief states the facts to be that respondent W. O. Johnson was unable to cancel said policies of insurance with the Louisville Fire & Marine Insurance Company. Complainant further avers that on, towit, December 17, 1947, respondent W. O. Johnson did request the agent

of your complainant to issue a policy to him covering said household goods. Complainant further avers that subsequent thereto and on, towit, December 25, 1947, the said W. O. Johnson did request the agent of your complainant to cancel said policy which had been written and prepared by complainant's agent. Complainant further avers that at said time said policy which had been written and prepared ready for delivery to the said W. O. Johnson was cancelled by mutual consent. Complainant further avers that the policy prepared by your complainant's agent was never actually delivered to the said respondent W. O. Johnson but was always held by complainant's agent at Haleyville, Alabama. Complainant further avers that the respondent W. O. Johnson has never paid any premium on the policy which he requested your complainant to issue. * * *

"3. Complainant further avers that said insured property was damaged or destroyed by fire on, towit, January 24, 1948. Complainant further avers that it has been agreed by and between this complainant and the respondent W. O. Johnson and by and between the respondent W. O. Johnson and the respondent Louisville Fire & Marine Insurance Company that the total loss and damage to said insured property was by reason of said fire and was the sum of $2500.00, this agreement was made without waiver of any of the rights of any of the parties to this cause as to the question of liability.

"4. Complainant further avers that in each of the policies issued by the complainant and the respondent Louisville Fire & Marine Insurance Company it is expressly provided as follows:

" 'Pro Rata Liability. This company shall not be liable for a greater portion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.'

"Complainant avers that it is asserted and contended by the respondent Louisville Fire & Marine Insurance Company that the policy written and prepared by complainant was in full force and effect at the time of the fire and that on account of this fact complainant should pay one-half of said agreed loss of $2500.00. Complainant asserts and contends that its policy was not in full force and effect at the time of the fire and it is not indebted in any sum whatsoever to the respondent W. O. Johnson and is not liable to pay any sum for said loss, but that the whole of said loss should be paid by the Louisville Fire & Marine Insurance Company."

The appellant insists that on the facts alleged, the complainant has a complete and adequate remedy at law and that the bill does not show a justiciable controversy between the parties, sufficient to sustain the jurisdiction of the court and that, therefore, the bill is without equity.

We are not of opinion that this contention can be sustained and hold that a justiciable controversy is shown and that the decree overruling the demurrer is free from error.

Affirmed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing

BROWN, Justice.

If as alleged in the bill the policies of the two insurance companies were in force at the date of the destruction of Johnson's property, the status of the complainant and defendant was that of insurers of the same property of the same insured against the same hazard and they are each proportionately and severally liable for the loss at the ratio which the amount of their respective policies bears to the whole insurance covering the property against the perils involved.

The bill seeks to establish and have declared this status of insurers and is well filed under the Declaratory Judgment Act. Code of 1940, Title 7, § 156 et seq.; 29 Am.Jur. p. 993, § 1326; Lucas et al. v. Garrett et al., 209 S.C. 521, 41 S.E.2d 212, 169 A.L.R. 660; Hager v. Hanover Fire Ins. Co. of N. Y. et al., D.C., 64 F.Supp.

949; New York Life Ins. Co. v. Hagler et al., Tex.Civ.App., 169 S.W. 1064.

The application for rehearing is without merit and will be overruled. It is so ordered by the court.

Application for rehearing overruled.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.