57 So.2d 80

### ST. PAUL FIRE & MARINE INS. CO. v. JOHNSON et al.

6 Div. 997.

Supreme Court of Alabama.

Nov. 23, 1951.

Rehearing Denied March 6, 1952.

Davies & Williams and Marvin Williams, Jr., all of Birmingham, for appellant.

Jos. S. Mead, Birmingham, for appellee Louisville F. & M. Ins. Co.

LAWSON, Justice.

This is a declaratory judgment proceeding filed on June 14, 1948, in the circuit court of Winston County, in equity, by St. Paul Fire & Marine Insurance Company, hereinafter referred to as the St. Paul Company, against W. O. Johnson and the Louisville Fire & Marine Insurance Company, hereinafter referred to as the Louisville Company.

The household effects of W. O. Johnson, located in a residence in Haleyville, Alabama, were destroyed by fire on January 24, 1948. The amount of his loss was $2,500.

The purpose of this proceeding is to procure a declaratory judgment or decree as to whether the St. Paul Company or the Louisville Company, or both, is liable to pay the loss sustained by Johnson.

The respondent Johnson answered the bill on June 17, 1948.

The other respondent, the Louisville Company, filed its demurrer on July 14, 1948. It was overruled on September 20, 1948. From the decree overruling its demurrer, the Louisville Company appealed to this court. We affirmed. Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585. In our original opinion in that case, we held that the appellee's motion to dismiss the appeal was not well taken and held on the merits that a justiciable controversy was shown by the averments of the bill and that the decree overruling the demurrer was free from error. On application for rehearing we responded in part as follows:

"*If as alleged in the bill the policies of the two insurance companies were in force at the date of the destruction of Johnson's property*, the status of the complainant and defendant was that of insurers of the same property of the same insured against the same hazard and they are each proportionately and severally liable for the loss at the ratio which the amount of their respective policies bears to the whole insurance covering the property against the perils involved." (Emphasis supplied.) 252 Ala. 535, 41 So.2d 587.

As we will hereafter show, we were incorrect in saying on rehearing that the bill alleged that policies of both insurance companies were in force at the date of the destruction of Johnson's property. But that inadvertent statement did not affect the correctness of the conclusion reached.

After we overruled the application for rehearing filed by the Louisville Company, that company filed its answer in the circuit court of Winston County, in equity.

Testimony was taken partly by deposition and partly ore tenus. At the conclusion of the hearing, the trial court rendered a decree wherein it was held that both insurance companies had policies in force at the time of the fire covering Johnson's household effects to the extent of his loss; that under the pro rata liability clauses in all of the policies, each of the insurance companies was liable to Johnson in the sum of $1,250 with interest.

The complainant, the St. Paul Company, has appealed from that decree and here asserts that the decree of the lower court should be reversed because of certain rulings in regard to the admission of evidence and because the evidence is insufficient to support the finding that its policy of fire insurance was in force and effect at the time of the fire.

The respondent, the Louisville Company, has not appealed and has not made cross-assignments of error.

W. O. Johnson, one of the respondents, was not a mere bystander in this litigation. While the two insurance companies agreed with Johnson that he had suffered a loss to the extent of $2,500, there was no agree-

ment between them that Johnson's property was covered by insurance policies issued by one or both of the companies.

The position of the St. Paul Company, as shown by its bill of complaint, is that it did issue its policy of insurance covering Johnson's household effects, but that such policy was cancelled by mutual consent prior to the fire and that it was not liable for any part of the loss suffered by Johnson, although the respondent, the Louisville Company, claims that the St. Paul Company is liable for one-half of the loss.

The Louisville Company, in its answer, takes the position that while it had issued two policies of insurance covering Johnson's household effects to the extent of $2,500, that both of said policies were cancelled by mutual consent prior to the fire and that it was not liable for any part of the loss, but that the St. Paul Company's policy was in force and effect at the time of the fire and, consequently, that company should bear the entire loss.

The effect of the answer filed by the respondent Johnson is that the policies of both insurance companies were in force and effect at the time of the fire.

█ As going to show that its policy had not been reinstated, the St. Paul Company introduced in evidence written statements signed and sworn to by the respondent Johnson to the effect that to his knowledge the only policies of fire insurance which he had covering his household effects at the time of the fire were those issued by the Louisville Company. These statements, which were signed shortly after the fire and prior to the time Johnson filed his answer, are in direct contradiction of the position taken by Johnson in his answer and were admissible in evidence as declarations against interest. Waller v. Simpson, 208 Ala. 333, 94 So. 343.

Johnson was present when the testimony was taken ore tenus. He did not testify. The respondents were permitted to introduce in evidence over complainant's objection a copy of an affidavit which Johnson made before a justice of the peace on April 15, 1948. The effect of this affidavit is to contradict and explain the prior statements signed by Johnson which, as before shown, tended to show that Johnson did not have a policy with the St. Paul Company.

█ We think the evidence sufficiently shows that Johnson signed the original affidavit, which had been lost. But we think the trial court erred in admitting this affidavit in evidence. It is a self-serving declaration by which it was sought to qualify or control the declarations against interest proven by complainant. In First Nat. Bank of Mobile v. Lartigue, 233 Ala. 670, 675, 173 So. 21, 25, it was said: "For 'no rule is better settled than that admissions, made at one time, cannot be qualified or controlled by counter declarations made at another.' Pearsall v. McCartney, 28 Ala. 110, 126; Woodruff v. Winston, 68 Ala. 412; Lee v. Hamilton, 3 Ala. 529; 22 Corpus Juris, 421, § 504." See State v. Guardian Realty Co., 237 Ala. 201, 186 So. 168.

Reversible error is sought to be avoided by the invocation of the principle that incompetent or illegal evidence may be admitted without error to rebut evidence of like character. The principle sought to be invoked is well established. Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264, and cases cited; Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376. But that principle has no application here because, as we have heretofore shown, the statements of Johnson introduced by the St. Paul Company were properly admitted in evidence.

█ By overruling the complainant's objection to the affidavit introduced by respondents, we must assume on appeal that such evidence was considered by the trial court. Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12.

██ We have adopted for equity the prevailing rule at law that the admission of illegal evidence over objection requires a reversal unless the remaining evidence is without conflict and sufficient to support the judgment. Pfingstl v. Solomon, supra. As to this rule, we think it sufficient to say that it cannot save this case from reversal, for the remaining evidence, as it relates to the question of whether the policy of the St. Paul Company was reinstated after it was cancelled, is in decided conflict and we are

also of the opinion that the remaining evidence is not sufficient to support the decree in so far as it declares that the St. Paul policy was in effect at the time of the fire.

We also apply Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix, to equity cases and will not reverse a decree unless in our opinion, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected a substantial right. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244. But we think it appears from this record that the admission in evidence of this affidavit has probably affected a substantial right. The decree in so far as it fixes liability on the St. Paul Company could be sustained only on the theory that the evidence showed that both the St. Paul Company and Johnson understood that the policy of that company covering Johnson's household effects had been reinstated at the time of the fire. We are unwilling to say that the evidence is sufficient to support such a finding without consideration being given to the affidavit which was erroneously admitted in evidence.

The error in admitting the affidavit in evidence affected the rights of all parties to this litigation, and we are of the opinion the ends of justice will be best subserved by the reversal and vacation of the decree in its entirety so that the cause may be retried. Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN, FOSTER, SIMPSON, STAKELY, and GOODWYN, JJ., concur.