67 So.2d 896

**ST. PAUL FIRE & MARINE INS. CO.**

v.

**JOHNSON et al.**

6 Div. 481.

Supreme Court of Alabama.

Nov. 5, 1953.

Marvin Williams, Jr., and Davies & Williams, Birmingham, for appellant.

Rankin Fite, Hamilton, and Jos. S. Mead, Birmingham, for Louisville Fire & Marine Ins. Co., amici curiæ.

MERRILL, Justice.

The purpose of this proceeding is to procure a declaratory judgment or decree as to whether the St. Paul Company or the Louisville Company, or both, is liable to pay a loss sustained by W. O. Johnson.

This is the third appeal in this cause. We affirmed the decree overruling the demurrer in Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585. A trial on the merits before the circuit court in equity without a jury resulted in a decree holding each company liable and prorating the loss equally between them. That decree was appealed from in St. Paul Fire & Marine Ins. Co. v. Johnson, 256 Ala. 690, 57 So.2d 80, and we reversed on the ground that an affidavit was improperly admitted in evidence. The case was tried again and the decree of the circuit court was the same as in the previous trial. The Louisville Company accepted the decision and does not appeal, the cause coming here this time at the instance of the St. Paul Company.

Appellant argues strenuously its assignment of error 18 that the court erred in its final decree in holding that the policy of the St. Paul Company was in force and effect at the time of the loss. This was appellant's assignment of error 5 on the previous appeal.

The contentions of the parties and parts of the evidence are stated in the prior reports of this cause and will not be here repeated. It is sufficient to say that the undisputed testimony of the adjuster, Mr. Stickles, the agent for the St. Paul Company, Mrs. Era Walker, the uncontested entries on and concerning the policy made

by the agent and the testimony of W. O. Johnson, made a question of fact for the court. Since the cause was tried before the court without a jury, we apply the rule that where the testimony was taken in part ore tenus and part by deposition, the finding of the trial court thereon has the weight of a jury verdict and will not be disturbed unless plainly and palpably wrong, and contrary to the great weight of the evidence. Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206.

Assignment of error 13 is directed to the trial court's action in admitting in evidence part of a statement or affidavit of W. O. Johnson. The admission of this affidavit caused the case to be reversed before, 256 Ala. 690, 57 So.2d 80. That part of the affidavit admitted was:

"I sent a statement to the company after the fire in which I stated that to my knowledge the policy was cancelled. I did think at the time it was cancelled, but since that time I have talked with Mrs. Era Walker and she made me remember the conversation I had with her when I told her to hold the policy until I saw them further about it."

The affidavit was made in April 1948 following the fire on January 24, 1948, and the trial was had on May 8, 1952. Prior to the admission in evidence of this part of the affidavit, Johnson testified that the affidavit was prepared at his direction and that he signed it, but at the time it was offered at the trial, he had no independent recollection of the facts even after reading the statement, but he knew the facts at the time the affidavit was written and the facts stated therein were true.

■■ The rule governing this matter is aptly stated by Stone, J., in Acklen's Executor v. Hickman, 63 Ala. 494, 35 Am.Rep. 54, and has been followed many times by this court.

"The law recognizes the right of a witness to consult memoranda in aid of his recollection, under two conditions: First, * * *

"In the second class are embraced cases in which the witness, after examining the memorandum can not testify to an existing knowledge of the facts, independent of the memorandum. In other words, cases in which the memorandum fails to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness, can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum. 1 Greenl. Ev. §§ 436–437; Bondurant v. State Bank, 7 Ala. 830."

For other cases on this subject see Allison v. Briskey, 36 Ala.App. 225, 54 So.2d 317, and 125 A.L.R. p. 19 et seq.

The remaining assignments of error deal with exceptions to the ruling of the court on objections to evidence. We have considered them and think that for obvious reasons none of them shows reversible error, and that no principle of law is involved which needs special treatment. Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; Snow v. Allen, 227 Ala. 615, 151 So. 468.

The decree of the circuit court in equity is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.