241 F.2d 910
 The CENTURY INSURANCE CO., Ltd., Queen Insurance Company of
America, First National Insurance Company of
America, and American Indemnity Company,
Appellants,
v.
Jean Q. MOONEY and Marcel L. Mooney, Appellees.
 No. 5453.
 United States Court of Appeals Tenth Circuit.
 Feb. 4, 1957.
 
 David W. Barry, Kansas City, Mo. (Eugene G. Wetzel, Thomas J. Alexander, and George W. Meyer, Kansas City, Mo., on the brief), for appellants.
 Thomas E. Joyce, Kansas City, Kan. (Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, and Albert M. Ross, Kansas City, Kan., on the brief), for appellees.
 Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.
 BRATTON, Chief Judge.
 
 
 1
 The question presented for determination on this appeal is whether the matter in controversy exceeded $3,000, exclusive of interest and costs, within the intent and meaning of 28 U.S.C.A. § 1331.
 
 
 2
 The Century Insurance Company, Ltd., Queen Insurance Company of America, First National Insurance Company of America, and American Indemnity Company, joined as plaintiffs in the institution of the action in the United States Court for Kansas against Jean Q. Mooney and Marcel L. Mooney. Plaintiffs were corporations organized under the laws of states other than Kansas; defendants were citizens of Kansas; and jurisdiction was invoked upon the basis of diversity of citizenship with the requisite amount in controversy. It was pleaded in the complaint that each of the four plaintiffs issued to the defendants its policy of insurance covering a dwelling in Johnson County, Kansas; that such policies were in the sums of $10,000, $7,500, $10,000, and $10,000 respectively; that each of the policies contained a provision that the company should not be liable for a greater proportion of any loss than the amount thereby insured should bear to the whole insurance covering the property; and that each of such policies expressly excluded from the coverage losses of certain kinds. It was further pleaded that the defendants had made claims against plaintiffs for damages to the dwelling in the total amount of $9,414.45; that the defendants were claiming that plaintiffs were liable to them for such loss and were threatening to institute suits for the loss and for statutory attorneys' fees; that plaintiffs were contending that they were not liable under the policies for the asserted loss; that a controversy existed between the parties; and that a multiplicity of threatened actions would be avoided by a determination of the issues in this cause. The prayer was that the court enter a declaratory judgment determining that defendants had not suffered any loss for which plaintiffs were liable under their policies; and that in the event the court should determine that any part of the asserted loss was covered by the policies, the court determine the amount thereof and the pro rata part for which each plaintiff was liable.
 
 
 3
 The defendants moved to dismiss the action on the ground that the court lacked jurisdiction for the reason that the amount actually in controversy between any one of plaintiffs and the defendants was less than $3,000, exclusive of interest and costs; and that the demand of the defendants against plaintiffs was for $2,510.52, $1,882.89, $2,510.52, and $2,510.52, respectively. An affidavit was attached to the motion in which it was stated that the proofs of loss presented to the companies were in such amounts, respectively. Copies of the proofs of loss were attached to the affidavit; and they conformed to the statement contained in the affidavit in respect to amounts. The court sustained the motion and dismissed the action. The appeal is from the judgment of dismissal.
 
 
 4
 The substance of the contention advanced for reversal of the judgment is that appellants had the right to aggregate their liabilities for jurisdictional purposes, and that the action should not have been dismissed for lack of jurisdiction. When two of more complainants, claiming not under a single or joint right or title but by separate and distinct demands, unite in a single suit in which jurisdiction is invoked upon the basis of diversity of citizenship, it is essential to jurisdiction that the demand of each be of the requisite jurisdictional amount. On the other hand, when several plaintiffs unite to enforce a single right or title in which they have a common and undivided interest, though separable among themselves, it suffices if their interests collectively equal the jurisdictional amount. Troy Bank of Troy, Ind. v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Pinel v. Pinel 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. But claims cannot be aggregated for jurisdictional purposes merely because they derive from a single instrument or because plaintiffs have a community of interest. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. And these general principles have application in an action seeking a declaratory judgment determining legal rights and obligations arising from contracts of insurance. Aetna Insurance Co. v. Chicago, Rock Island & Pacific Railroad Co., 10 Cir., 229 F.2d 584.
 
 
 5
 The several policies involved in this action covered the same property but the liability of each company under its policy was separate and distinct from that of the other companies. There was no joint or undivided liability and there was no common fund or lien involved. The companies had a community of interest in the insurance but a separate and distinct liability arising out of their policies, respectively, and that was the effect of the claims asserted on behalf of the insureds. Therefore, the separate claims of the insureds could not be aggregated for the purpose of determining whether the amount requisite to jurisdiction was in controversy. And since each of the claims was less than $3,000 in amount, there was lack of jurisdiction. Aetna Insurance Co. v. Chicago, Rock Island & Pacific Railroad Co., supra.
 
 
 6
 The judgment is affirmed.