**NIAGARA FIRE INSURANCE COMPANY, Great American Insurance Company and Fireman's Fund Insurance Company, Appellants,**

v.

**DYESS FURNITURE CO., Inc., et al., Appellees.**

**No. 18746.**

United States Court of Appeals Fifth Circuit.

June 30, 1961.

J. S. Mead, Emmett R. Cox, Birmingham, Ala., for appellant.

William G. Caffey, Mobile, Ala., Caffey, Gallalee & Caffey, Mobile Ala., of counsel for appellees.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The sole question argued in the district court or in this Court concerns the aggregation of claims to make the jurisdictional amount. Diversity of citizenship has not been questioned. The plaintiffs in the district court were two insurance companies incorporated under the laws of New York, with their principal places of business in the City of New York, and a third insurance company incorporated under the laws of California with its principal place of business in San Francisco, California. The defendants were five corporations, three organized under the laws of Alabama, one under the laws of Mississippi and one under the laws of Florida. By way of precau-

tion, the plaintiffs move in this Court for leave to amend their complaint so as to aver that the principal place of business of each of the defendants was in the state of its incorporation. The defendants interpose no objection to such an amendment. The plaintiffs' motion for leave to amend their complaint is granted. See 28 U.S.C.A. § 1653. Kaufman v. Western Union Telegraph Co., 5 Cir., 1955, 224 F.2d 723, 725.

The complaint sought a declaratory judgment as to whether the defendants had sustained a loss by windstorm covered by policies of insurance issued by the plaintiffs, and as to the amount of any such loss. According to the complaint, on January 1, 1960, each of the three plaintiffs issued a separate policy of insurance naming the five defendants as insureds and insuring them against all direct loss by windstorm to property located at 121 Beauregard Street, Mobile, Alabama. The policy issued by Niagara Fire Insurance Company was in the amount of $16,250; the policy of Great American Insurance Company in the amount of $32,500; and the policy of Fireman's Fund Insurance Company in the amount of $16,250. Each policy contained a "Contributing Insurance Clause" permitting other insurance and providing for the insurer to contribute with such other insurance to the payment of any loss. Each policy provided that it participates to the extent of a certain percentage of the whole, Niagara's policy fixing 25%, Great American's 50%, and Fireman's Fund's 25%.

The complaint alleged that Albert W. Dyess, President of all the defendant corporations, had presented a separate claim and proof of loss to each of the plaintiffs, claiming that on May 6, 1960, a loss occurred to the contents of the aforementioned building at about 10:30 o'clock P. M. caused by windstorm, and that the whole loss was $15,867.86, of which amount the defendants claimed from Niagara $3,966.96, from Great American $7,933.93, and from Fireman's Fund $3,966.97. The plaintiff insurance companies denied that the loss claimed was a direct loss by windstorm, and insisted that the amount of the whole loss and damage was less than the amount claimed.

The amount claimed from all three insurers exceeds $10,000, but the amount claimed from any one insurer is less than $10,000. The question is whether the amounts claimed from the separate insurers can be aggregated to make up the jurisdictional amount of $10,000. 28 U.S.C.A. § 1332. The district court granted the defendants' motion to dismiss the complaint. We agree.

The facts that the three insurance companies issued identical policies, except as to amounts, and that each policy contained a contributing clause and limited its participation to a certain percentage of the whole do not make the companies *jointly* liable. To the contrary, " * * * they are each proportionately and severally liable for the loss at the ratio which the amount of their respective policies bears to the whole insurance * * *." Louisville Fire & Marine I. Co. v. St. Paul Fire & M. I. Co., 1949, 252 Ala. 532, 41 So.2d 585, 587.

The law has been too long settled to require extensive discussion that when two or more plaintiffs, having separate and distinct demands, unite in a single suit for convenience of litigation, their claims cannot be aggregated to make up the jurisdictional amount. Walter v. Northeastern R. Co., 1893, 147 U.S. 370, 373, 13 S.Ct. 348, 37 L.Ed. 206; Troy Bank of Troy, Ind., v. G. A. Whitehead & Co., 1911, 222 U.S. 39, 40, 41, 32 S.Ct. 9, 56 L.Ed. 81; Pinel v. Pinel, 1916, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001; Thomson v. Gaskill, 1942, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951; Century Insurance Co. v. Mooney, 10 Cir., 1957, 241 F.2d 910.

The judgment is

Affirmed.