**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
<u>Plaintiff-Appellee,</u>

v.

JEROME HAYES,
<u>Defendant-Appellant,</u>

No. 96-2384

and

RICKY A. CUTHBERT; SOUTH
CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Dennis W. Shedd, District Judge.
(CA-95-3687-9-19)

Argued: May 9, 1997

Decided: September 15, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Harold Fred Kuhn, Jr., MOSS & KUHN, P.A., Beaufort, South Carolina, for Appellant. Bert Glenn Utsey, III, SINKLER & BOYD, P.A., in Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On April 16, 1994, Jerome Hayes ("Hayes") borrowed a 1971 Volkswagen from Ricky A. Cuthbert ("Cuthbert") for the purpose of attending the funeral of his mother. Hayes resided in Atlanta, Georgia, and the funeral was held in Beaufort County, South Carolina. Leaving the funeral, Hayes developed engine trouble and, as the Volkswagen slowed, the car was rear-ended by another vehicle driven by Mary Eldonia Myers ("Myers").

Hayes was injured in the wreck and sued Myers for $150,000.00 in the Court of Common Pleas of Beaufort County. The following insurance policies were implicated: (1) A policy with liability limits of $15,000.00 issued by Catawba Insurance Company ("Catawba") to Myers; (2) a policy issued by South Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") which provided $30,000.00 in underinsured coverage to Hayes; and (3) a policy issued by Liberty Mutual Insurance Company ("Liberty Mutual") to Cuthbert which provided $25,000.00 in uninsured/underinsured coverage.

Catawba paid the limits of its policy to Hayes; in return, Hayes signed a covenant not to execute in favor of Myers and Catawba. This apparently ended the underlying tort suit in the Beaufort County Common Pleas Court.

2

Liberty Mutual then filed the present action in the United States District Court for the District of South Carolina under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Jurisdiction is based solely on diversity of citizenship. The original defendants were Hayes, Cuthbert and Farm Bureau. Liberty Mutual sought an order declaring: (1) that Georgia law governs the interpretation of its policy covering Cuthbert's automobile; (2) that the Farm Bureau policy provides primary underinsured motorist coverage to Hayes; (3) that the Liberty Mutual policy provides secondary underinsured motorist coverage to Hayes; (4) that any liability of Liberty Mutual to Hayes should be reduced by sums received from Myers and Catawba; and (5) that coverage afforded by Liberty Mutual to Hayes be reduced by all sums received by Hayes from Farm Bureau.

Liberty Mutual asserted in the complaint that the amount in controversy exceeds $50,000.00. When the district court expressed its concern that the jurisdictional amount was not present, Liberty Mutual took the position that the full amount of its policy ($25,000.00) and the full amount of the Farm Bureau policy ($30,000.00) were both in issue, raising the total amount in controversy to $55,000.00.[1] The district court agreed and retained jurisdiction.

Addressing the merits of the action, the district court reasoned that Georgia law governs the Liberty Mutual policy since the contract of insurance was formed in Georgia. Under Georgia law, the covenant not to execute signed by Hayes was deemed to destroy his claim against the Liberty Mutual policy. Accordingly, the court entered summary judgment for Liberty Mutual. Prior to the entry of summary judgment for Liberty Mutual, a settlement was reached with regard to defendant Farm Bureau. The terms of that settlement are not before this court.

_____

[1] The district court received very little assistance from the attorneys in this case with regard to the jurisdictional issue. When the court requested briefs on this point, the plaintiff filed a cursory brief with little analysis or authority and the defendant filed no brief at all. Likewise, this court received very little assistance when it requested specific briefing of the jurisdictional issue.

3

This court need not address the merits of Liberty Mutual's action nor the propriety of the district court's entry of judgment in its favor. Although the district court found federal jurisdiction to exist, we do not. Accordingly, the lower court's entry of judgment in favor of Liberty Mutual was made without authority and must be vacated.

The federal Declaratory Judgment Act does not confer jurisdiction upon the federal courts. A district court must have independent subject matter jurisdiction over the action, either diversity of citizenship or federal question. Aetna Cas. & Surety Co. v. Quarles, 92 F.2d 321, 323-24 (4th Cir. 1937). In this case, Liberty Mutual filed its declaratory judgment action on the basis of diversity. In satisfying the jurisdictional amount, Liberty Mutual aggregated the policy limit of its own coverage at issue, $25,000.00, and the limit of the Farm Bureau policy, $30,000.00. However, as more fully set forth below, Liberty Mutual may not aggregate the limits of these two policies to satisfy the jurisdictional amount.[2]

The rules of aggregation can be stated fairly simply. If a single plaintiff sues a single defendant, the plaintiff may aggregate the value of all claims to satisfy the jurisdictional amount, regardless of whether the claims have any factual connection. In the case of multi-party litigation, however, claims by or against co-parties generally may not be aggregated to meet the jurisdictional amount. If several plaintiffs join together to sue a single defendant, aggregation is allowed only if the plaintiffs' claims arise from a common and undivided interest. Likewise, if a single plaintiff joins several parties as defendants, the plaintiff may not aggregate the various claims unless the defendants' liability is common, undivided or joint. 15 James Wm. Moore et al., Moore's Federal Practice§§ 102.108(1)-102.108(3) (3d ed. 1997).

The present action involves an attempt by a single plaintiff to aggregate claims against multiple defendants. In factually similar

_____

**2** The court notes that this appeal also presents the interesting issue of the retroactive application of the increase in the jurisdictional amount from $50,000.00 to $75,000.00. Because plaintiff's declaratory judgment action fails to meet the lesser requirement, the court does not reach this issue.

4

cases, courts generally have not allowed aggregation of claims when an insured sues for coverage on a loss or an insurer sues for a declaration of non-coverage. See Metropolitan Life Ins. Co. v. Ditmore, 729 F.2d 1, 8 (1st Cir. 1984) (denying aggregation of health insurer claims for individual overpayments); Niagara Fire Ins. Co. v. Dyess Furniture Co., 292 F.2d 232, 233 (5th Cir. 1961) (denying aggregation where three insurance companies issued separate policies on a single building under which each insurer was required to contribute a specified percentage in the event of a loss); Century Ins. Co. v. Mooney, 241 F.2d 910, 912-13 (10th Cir. 1957) (denying aggregation where four insurers sought declaratory judgment of non-coverage for casualty loss).

The fact that this is a declaratory judgment action has little significance. As Professor Moore has stated, a determination of the amount in controversy in a declaratory judgment action is essentially the same as in other types of litigation requiring a jurisdictional amount. See 12 Moore, § 57.13(2). However, in a declaratory judgment action, the amount in controversy is not always obvious or certain. Faced with a declaratory judgment action that does not clearly satisfy the jurisdictional amount requirement, courts should measure the value of the object of the litigation. Hunt v. Washington Apple Advertising Comm., 433 U.S. 333, 347 (1976). The Hunt case forms the basis of Liberty Mutual's argument in favor of jurisdiction. Liberty Mutual contends that Hayes' claim of entitlement to full recovery of the coverage provided by both Liberty Mutual and Farm Bureau, a sum of $55,000.00, is the value of the object of the litigation. Thus, Liberty Mutual submits that the jurisdictional amount is satisfied.

Liberty Mutual's argument misses the mark. First, the total value of the two policies at issue does not represent the total value of the present declaratory judgment action. In determining the value of the object of litigation, the majority of courts follows the "plaintiff approach," in which the court considers only the value of the controversy to the plaintiff. See 12 Moore, § 57.13(2)(d). This court, however, has employed the "either party approach," examining the potential pecuniary effect that a judgment would have on either party to the litigation. Government Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964).

5

From the perspective of Liberty Mutual, a maximum of $30,000.00 is at issue. Liberty Mutual has sought a declaration that the Farm Bureau policy provides primary underinsured coverage. Furthermore, Liberty Mutual contends that any coverage afforded by its policy should be reduced by any recovery received from both Catawba Insurance and Farm Bureau. Thus, the amount in controversy according to the plaintiff's viewpoint falls below the jurisdictional amount of $50,000.00.

Likewise, the value of the litigation from the defendants' perspective also falls short of $50,000.00. The two other insurers, Catawba and Farm Bureau, have limited stakes in the action due to policy limits of $15,000.00 and $30,000.00, respectively; the stake of each is therefore well below $50,000.00, and their aggregate stake is only $45,000.00. Moreover, Hayes' total claimed damages stemming from the accident are not at issue for purposes of determining the amount in controversy in this declaratory judgment action. This declaratory judgment action merely seeks a determination of the interaction of three policies implicated by the underlying accident. Liberty Mutual's main contention is that there should be some reduction in its coverage, if it must provide any, due to any sums paid by the other two insurers.

Lastly, under the basic rules of aggregation, the policy limits afforded by the three policies cannot be aggregated to satisfy the jurisdictional requirement. Assuming that Hayes could recover an amount equal to the total of all three policies' limits, such a sum does not represent the value of the litigation for the limited purpose of determining the amount in controversy. Hayes seeks to recover from each insurer separately. Hayes does not state a joint and several claim for insurance coverage. Aggregation is keyed to the type of recovery, not the factual relatedness of the claims.

In Niagara Fire Insurance Company v. Dyess Furniture Company, Inc., 292 F.2d 232 (5th Cir. 1961), the court confronted a similar problem. There, each of three insurance companies issued a separate policy naming the defendants as insureds and insuring them against all direct loss by windstorm to a certain parcel of property. Defendants made three distinct claims from the insurers. The total amount claimed from all three insurers exceeded the jurisdictional amount,

6

but the amount claimed from any one insurer was insufficient to confer jurisdiction. The United States Court of Appeals for the Fifth Circuit found there was no jurisdiction. "The law has been too long settled to require extensive discussion that when two or more plaintiffs, having separate and distinct demands, unite in a single suit for convenience of litigation, their claims cannot be aggregated to make up the jurisdictional amount." Id. at 233 (citations omitted).

Under the general rules of aggregation, Liberty Mutual cannot aggregate the policy limits to satisfy the jurisdictional amount. The fact that the instant case involves insurers on both sides of the ledger does not alter the outcome. Neither Hayes' total claim for damages, nor the total of the underinsured motorist policies, may serve to satisfy the jurisdictional amount. Accordingly, the judgment of the district court is vacated and this action is remanded for dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

VACATED AND REMANDED

7