195 So. 218

### ALABAMA GREAT SOUTHERN R. CO. v. DENTON.

### 7 Div. 616.

Supreme Court of Alabama.
March 28, 1940.

Goodhue & Lusk, of Gadsden, for appellant.

Leonard Crawford, of Fort Payne, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity. The bill seeks by mandatory injunction the abatement of an alleged public nuisance at the suit of a citizen suffering special injury therefrom. The alleged public nuisance is the obstruction and closing of a public road across the tracks and right of way of respondent railroad company.

The case made by the bill is in substance as follows:

Complainant owns and resides upon a farm located east of and near the tracks and right of way of the railroad. A part of the western boundary of the farm is along an old public road, known as Fort Payne and Lebanon Road.

The railroad tracks cross this public road nearly in front of complainant's lands, at what is known as the Stewart Crossing, some 200 yards from the western boundary of complainant's farm. This old public road has been in use by the public some 65 to 75 years. The railroad company has maintained and kept up the crossing until within a few years past, just how many years complainant is not informed. To his knowledge, however, more than six years before the suit was filed, and before complainant owned the lands, the railroad company "wrongfully and without legal authority obstructed or closed said Stewart

crossing by allowing and causing the approaches to its tracks and across its right of way on each side of its said tracks at said crossing to become impassible by any kind of vehicle; * * * said crossing has been continuously used and traveled by pedestrians since said obstruction."

Because of such obstruction complainant is forced to take a circuitous route to reach Highway No. 11, which is west of and parallels respondent's railroad a long distance south of Fort Payne and in front of complainant's farm; that complainant could reach Highway No. 11, by the Stewart Crossing within 300 to 350 yards; but he is now forced to travel north over an almost impassible road ½ to ¾ of a mile to another dangerous crossing. The church attended by complainant, the grist mill and· grocery store he patronizes, and his mail box are all located on or near Highway No. 11, and reached via the Stewart Crossing within 300 to 400 yards of his residence, but from 1 to 1½ miles by the present crossing. The farm is less valuable by reason of these conditions resulting from the obstructions complained of.

Complainant, on February 9, 1939, made a demand in writing addressed to the Commissioners Court of DeKalb County and the Railroad Company "to reopen and repair for common and suitable use by the general public, the old Fort Payne and Lebanon public road and Stewart crossing," and gave notice that unless work was commenced to "reopen and repair this public road and public Railroad crossing" by March 1, 1939, legal steps would be taken to force them so. to do.

It is averred that the ·Commissioners Court through 'its attorneys has agreed to repair and· make fit for public use the public road leading up to the right of way as per letter from the attorney for the county, saying: "I have been authorized to advise you that DeKalb County is ready and willing to reopen and repair this public road as requested up to the right of way of the railroad tracks when the Alabama Great Southern Railroad Company will make said public road suitable for the use of traffic by the general public across its tracks and right of way."

Respondent, the Railroad Company, has refused to heed this demand. The bill was filed April 3, 1939, praying that the court decree: "That said Stewart crossing is a public crossing and that the respondent is guilty of creating a nuisance in obstructing and closing said crossing and that the respondent be enjoined and restrained by this Court permanently from the continuance of said obstruction and that your Honor will order, direct and decree that the respondent be required to reopen, repair and to make suitable said crossing for common and every use as a public crossing for common and general use by the public as a public railroad crossing, and that the respondent be permanently enjoined and restrained by this Court from ever again obstructing and closing wrongfully and without legal authority said Stewart crossing."

█ The obstruction of a public highway, depriving the public of the use of a public convenience, is a public nuisance.

█ Equity has jurisdiction to abate such nuisance by injunction at the instance of the public authority charged with the power and duty to establish and maintain public highways.

Such suit may be maintained by an individual, suing on behalf of the public, if he has a special interest in the highway.

█ This bill discloses the existence of a public road, an obstruction without lawful authority, and a special interest of the complainant in keeping this road open. If these were the only facts disclosed by the bill, it would contain equity. Whaley v. Wilson, 120 Ala. 502, 24 So. 855; Reed v. Mayor & Aldermen of Birmingham, 92 Ala. 339, 9 So. 161; Rudolph v. City of Birmingham, 188 Ala. 620, 65 So. 1006; Rudolph v. City of Elyton, 161 Ala. 525, 50 So. 80; Alabama Great Southern Railroad Co. v. Barclay, 178 Ala. 124, 59 So. 169; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289.

█ In considering whether other facts take this case without these principles, we look to matters expressly or impliedly disclosed by the bill, not to outside matters the proper subject of an answer.

█ Certain demurrers challenge the bill for failure to deny this obstruction, closing this road to public travel by vehicles, has existed for twenty years, barring this suit by prescription. Unless a bill discloses on its face that the cause of action is barred by prescription, such defense must be interposed by answer, not by demurrer. South et al. v. Pinion et al., 207 Ala. 122, 92 So. 420; Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201.

For this reason, we are not called upon to consider whether such defense is available in this action.

This bill does disclose, however, that this road has been closed to public travel for more than six years, ever since the complainant purchased his farm; that meantime the crossing over defendant's right of way and tracks has become impassible; that the approaches to the right of way on the old road-bed have become such that complainant demanded of the county authorities the repairing and putting this portion of the road in condition for travel by vehicles.

Here is a case of a road closed to public travel for many years and become impassible for vehicles. In essence, it is a bill in equity to reopen a public road thus discontinued in fact as a public highway for vehicles for many years. There is no averment of any public need for reopening this old road. The bill proceeds on the theory that regardless of any public need, complainant, by reason of the fact that it was never lawfully closed, and he is inconvenienced thereby, is entitled to have a court of equity cause it to be reopened, repaired and maintained from his farm to the trunk road for his benefit; not because of a public need, but because the crossing provided for his community is inconvenient to him.

The plenary power of the state to provide a system of rural highways, to readjust them by relocation and discontinuance of old roads, is well settled.

As to county roads, not under the State Highway Department, this power has been conferred upon the county governing body.

The Court of County Commissioners is given general jurisdiction, with legislative, executive and judicial powers, over the matter of providing a system of county roads. Alabama Highway Code, § 157; Michie's Code, § 1397 (110); Southern Railway Company v. Ables, 153 Ala. 523, 45 So. 234; Town of Eutaw v. Coleman, 189 Ala. 164, 66 So. 464; City of Huntsville v. Gross et al., 223 Ala. 205, 135 So. 462; Rudolph v. City of Birmingham, 188 Ala. 620, 65 So. 1006; Court of Com'rs of Pike County v. Johnson, 229 Ala. 417, 157 So. 481; Ensley Motor Car Co. v. O'Rear, Treasurer, 196 Ala. 481, 71 So. 704.

When the question of the need for a public road is involved, the law commits this to the county authorities. The matter of the creation or discontinuance of a public road is legislative. The legislative body may and should consider all factors, the public need and convenience, the expense of the road system, the hazards and expense of frequent grade crossings over railroads, &c.

These matters are of legislative, not of judicial cognizance. A court of equity is without jurisdiction to determine the question of the public need for a highway.

The jurisdiction of the Court of County Commissioners to order this road reopened and repaired as in Rudolph v. City of Birmingham, supra, is not to be questioned.

Under the facts of this case, we are of opinion the jurisdiction to determine whether this road should now be reopened, reconstructed and maintained is in that governing body. A primary consideration is whether there is now a public need for such road. If a court of equity orders this done because the obstruction in the beginning was without lawful right, that body could at once by lawful order discontinue such road.

We recognize that one maintaining a continuing public nuisance, as for example, one endangering the public health or public safety, cannot defend against a suit to abate same because of the lapse of time. Wright & Rice v. Moore et al., 38 Ala. 593, 82 Am.Dec. 731.

This rule applies to obstruction of public highways of detriment to the public. Reed v. Mayor & Aldermen of Birmingham, supra.

In this case the city, the authority to determine the question of public need, was the complainant.

In Rudolph v. City of Birmingham, supra, the court took note of McCain et al. v. State, 62 Ala. 138, holding that city authorities could not be compelled to open and maintain every street dedicated by property owners, regardless of the public need; and made the point in the Rudolph case that the city was the actor.

The bill in the instant case discloses the necessity of action by the county authorities to the end of reopening a road, or reconstructing a road on a continuing right of way, an easement for road purposes.

The action of the County Commissioners as disclosed by the letter from their attorney adds nothing to the bill. It shows no order as a governing body reopening the

road, but a promise to improve a section of same if and when the Railroad Company should make a public road crossing over its right of way and tracks. It leaves the whole matter to the option of the Railway people.

The bill gains nothing by an averment that the value of his farm is depreciated by this obstruction.

Since the road was closed before complainant purchased, such depreciation had accrued to his predecessor and did not pass as a claim to this complainant. Alabama Great Southern Railroad Co. v. Barclay, supra; Ritter v. Hewitt, supra.

The fact that pedestrians have continued to use the crossing does not disclose a public need to have it made a public road for vehicles.

It seems the matter of opening or maintaining separate foot-paths has not been deemed of such importance as to lead to legislation for their creation or maintenance by lawful authority.

The Rules of the Road as defined by statute, are limited to highways for vehicles. Alabama Highway Code, Section 47 (n), Code 1928, § 1397(49) (n). See Rodgers v. Commercial Casualty Co., 237 Ala. 301, 186 So. 684.

Our conclusion is the question of reopening this public road under the facts disclosed, involves the determination whether there is now a public need therefor, and, therefore, for action of the county governing body. If such order is made, and respondent should refuse to comply, then the matter of equitable relief would be presented in a different aspect.

There was error in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.