251 So.2d 583

**Alfred HOLZ et al.,**

v.

**O. W. LYLES.**

**I Div. 645.**

Supreme Court of Alabama.

May 6, 1971.

Rehearing Denied Aug. 19, 1971.

No appearance for appellee.

Arthur C. Epperson, Foley, for appellants.

PER CURIAM.

Appellee filed his original suit in the Circuit Court of Baldwin County, in Equity, to enjoin and restrain appellants from obstructing an area of *public land* and from maintaining structures and obstructions thereon which interfere with complainant's (appellee's) free access from and to his property (lots allegedly adjoining a public road, Magnolia Street, on the south) to Palmetto Creek on the north side of the alleged public street or road. Demurrer to the complaint for want of equity and other grounds was overruled by the trial

court. This court reversed the final decree for error in overruling the demurrer and remanded the cause.—Holz v. Lyles, 280 Ala. 521, 195 So.2d 897.

After remand complainant amended the original complaint by striking therefrom Paragraphs 4 and 5 and by substituting therefor Paragraphs 4 and 5 (using the same numbered paragraphs as in the original complaint). These amended paragraphs aver in effect that the obstructed area is a part of Magnolia Street. The amended complaint no longer contains the averment, as did the original Paragraph 5, that the involved area is *public land*. Because of this averment this court reversed the decree and remanded the cause on the first appeal. It was held that an individual, in his private capacity, could not enjoin the use of *public land* by which he suffers inconvenience or deprivation. Public land, we held, does not belong to the public in the sense that public highways or roads do.

█ It appears in the allegations of the original complaint and in the amended complaint that appellee (complainant below) is the owner of Lots 4 and 9 in a re-subdivision of Lot 7, in Block 43 in Perdido Beach, being a re-subdivision of Sections 18 and 19 in Township 8 South, Range 1 East, in Baldwin County. Exhibit 2 as contained in the record on former appeal will be set out in the report of the case. We take judicial knowledge of the record on former appeal. —Aiken v. McMillan, 213 Ala. 494, 106 So. 150.

It is also averred in amended Paragraph 4 that Lot 4, owned by appellee, and other lots are bounded by Magnolia Street on the northerly edge; that Magnolia Street is bounded on one side (the south side) by these lots and on the other side (north side) by Palmetto Creek, a navigable body of water. It is averred that Magnolia Street has been dedicated to the public as a street or road.

We note here that an area of land lying on the north side of the alleged Magnolia Street is Lot 14 in Block 43 in Perdido Beach, being a re-subdivision of Sections 18 and 19 in Township 8 South, Range 6 East in Baldwin County. In other words, part of Lot 7 (which was re-subdivided) and Lot 14 (re-subdivided) lie on the opposite sides of the alleged Magnolia Street. Lot 7 is on the south side and Lot 14 of Lot 7 is on the north side. Lot 7 is subdivided to embrace Lots 1 to 13, inclusive. Lot 14 embraces Lots 1 to 5, inclusive. See Complainant's Exhibit 2 heretofore referred to and Complainant's Exhibit 3, which will also be set out in the report of the case.

Paragraph 5, as amended, supra, avers that since January 5, 1909, "by accretion and filling land has been built up on the North side of Lots 1, 2, 3, 4 and 5. That on April 7, 1953, George C. Randolph re-subdivided lot 14 of the aforesaid subdivision into five lots * * *. That lots 1 and 2 of this re-subdivision are made up of accreted land and are being claimed by Respondents. These lots lay (sic) North of the North edge of Magnolia Street." It avers further that respondents (appellants) claim title to a triangular area (described in the complaint) that is adjacent to and east of Lot 1. It is also averred that this triangular area was conveyed to respondents on the 15th day of July, 1958. See Complainant's Exhibit 1, which will be set out in the report of this case.

Complainant avers in said amended complaint (Paragraph 5) that respondents have gone on the triangular area and are exercising dominion over it. Allegation is made that they have placed large timbers, mounds of dirt and a barbecue pit "between Magnolia Street and the edge of Palmetto Creek." It is charged "that this accreted and filled in land is in front of and adjoins Magnolia Street which was dedicated to the public for a roadway and hence has become a part of Magnolia Street and is now a public roadway." Complaining further, the bill avers "that the acts of the Respondents have inter-

-fered with and are interfering with Complainant's access from his land to Palmetto Creek and from Palmetto Creek to his land."

The prayer of the original bill is not amended, but left intact. It prays for a temporary writ of injunction or restraining order which enjoins and restrains respondents from placing any further obstacles on the triangular area and from interfering with complainant's free access from his property to Palmetto Creek; that on final hearing the temporary writ or order be made final. There is a general prayer for relief.

The final decree, from which this (the second) appeal is taken, orders respondents (appellants) to cease and desist exercising dominion over Magnolia Street. Also the decree permanently enjoins respondents from interfering in any manner with complainant's access to and use of Magnolia Street.

As we understand the factual findings in the decree, the triangular area here involved is a part of Magnolia Street. There is also a finding that Alfred Holz and Anna Holz have no legal title or interest in Magnolia Street except that right and interest which flows to them as members of the general public.

Attached to the transcript of the evidence is Respondent's Exhibit 1, which is a photostatic copy of a platted area of land labeled "Perdido Beach." Embraced in this platted area is Lot 7 in Block 43. This plat preceded the subdivision of Lot 7 in December, 1908. Lot 7 on this original plat (prior to subdivision) embraces an area bordering on Palmetto Creek on the northwest side and six lots (not here involved) border said Lot 7 on the southeast side. This Lot 7 in the original map does not show any road or street over it. A rectangular strip extends in a northeasterly direction and lies between Lots 1-6, supra, and Palmetto Creek and is an arm of a peninsula-shaped area that bor-

ders on Palmetto Creek and Perdido Bay. This arm and the peninsula area comprise Lot 7, which was later subdivided (in 1908) into Lots 1 to 15, inclusive, with Magnolia Street extending from Decatur Avenue to Perdido Bay on the west. See Complainant's Exhibit 2, heretofore referred to.

The owner of Lot 7, supra, subdivided this lot so as to include therein Lots 1 to 15, inclusive. The owner set apart in this subdivision of Lot 7 a street, which he designated as Magnolia Street, extending as we have stated, supra. So we observe that it was formed and dedicated from and was originally a part of Lot 7 prior to its subdivision. This subdivision (Complainant's Exhibit 2) and dedication was signed by the owner and certified by a surveyor. The name of the owner on this subdivision is indistinct. But we think, as best we can tell from the plat, that there was a statutory subdivision pursuant to the laws of Alabama then obtaining; also, there was a lawful dedication of Magnolia Street. The street varies in width. Part of it is sixty feet wide and the remainder is thirty feet in width. We note in Complainant's Exhibit 3 there is a twenty-five-foot street in width running from the south side of Lot 5 in subdivided Lot 14, between Lots 3 and 4 on the west and Lot 2 on the east. This street opens into Magnolia Street.

It seems that Lot 14, in the subdivision of Lot 7, increased in size from accretion prior to the subdivision. The triangular area here under consideration (Exhibit 1) adjoins and lies east of Lot 1, in the subdivision of Lot 14, supra, and is the product of accretion over a period of years. It is shown on the subdivision of Lot 14, supra, but was not given a number.

■ A public highway is one under the control of the public, dedicated by the owner or used by the public for twenty years or established in a regular proceeding, and every public thoroughfare is a highway.—Dunn & Lallande Bros. v. Gunn, 149 Ala. 583, 42 So. 686.

■ The obstruction of a public highway and depriving the public of use of a public convenience is a "public nuisance."—Alabama Great Southern R. Co. v. Denton, 239 Ala. 301, 195 So. 218.

We think that the relief which appellee sought and obtained is based on sound equity. We have held that equity has jurisdiction to abate a public nuisance in obstructing a highway.—Still v. Lovelady, 218 Ala. 19, 117 So. 481; Hoole v. Attorney General, 22 Ala. 190; Alabama Great Southern R. Co. v. Denton, *supra*; Sandlin v. Blanchard, 250 Ala. 170, 33 So.2d 472; Purvis v. Busey, 260 Ala. 373, 71 So.2d 18; Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95.

■■ There is evidence that Magnolia Street is no more than a trail and that its status is obscured by the lapse of time. But one maintaining a continuing public nuisance cannot defend against a suit to abate the nuisance because of lapse of time, and such rule applies to obstruction of public highways, of detriment to the public.—Alabama Great Southern R. Co. v. Denton, *supra*.

■ The right of an individual to an injunction against obstructing a public street or highway depends on whether he has sustained damages different from that sustained by the public. If he sustains an additional specific damage, he may sue to have it abated if the remedy at law is inadequate.—Alabama Great Southern R. Co. v. Barclay, 178 Ala. 124, 59 So. 169.

■ No private action will lie for the obstruction of a highway, unless plaintiff has suffered injury peculiar to himself and not that similar to that suffered by the public; for if the offense is against the public, the offender should be punished by indictment as for a common nuisance, or the nuisance should be abated by a bill in equity in the name of the state to avoid multiplicity of suits.—Walls v. C. D. Smith & Co., 167 Ala. 138, 52 So. 320.

We observed in Jones et al. v. Bright, 140 Ala. 268, 273, 37 So. 79, 80:

"* * * In the note to Stetson v. Faxon, cited supra [19 Pick. [Mass.] 147, 31 Am.Dec. 123], will be found a discussion by Mr. Freeman of the question, whether a person suffers special or peculiar injury where he is compelled, on account of an obstruction to the highway, in order to enjoy the free use of his property to take a more circuitous route. He entertains the opinion that he does, and that the person so circumstanced has a remedy for the injury. He is supported in this view by several of the courts, and on principle it would seem that his position is the correct one. * * *"

We quote with approval from 93 C.J.S. Waters § 76, p. 751, as follows:

"Where land along the bank of a river constitutes a public highway or is otherwise devoted to public uses, accretions to it partake of the same character and are subject to the same uses." Citing Cook et al. v. City of Burlington, 30 Iowa 94, 6 Am.Rep. 649.

In Wetmore v. Atlantic White Lead Co., 37 Barb. 70, 97 (N.Y., 1862), it was said:

"* * * As far as such artificial accretions are made to public highways upon the bank or shore, they become part of such highways, but when added to a portion of the bank over which no such right or passage existed, they are gain to the adjoining proprietor, and do not bring with them a right of use or passage over land, in consequence of the right of navigation which had existed over the waters which had been displaced by such additions to the land."

■ We hold that the accreted land here the subject of injunctive process became a part of Magnolia Street and subject to the same uses.

In the instant case, appellee owns two adjoining lots, one of which fronts on Mag-

nolia Street. Thus, he and the occupants of his lots have a convenient access to Palmetto Creek merely by crossing Magnolia Street. This access offers them a valuable right. Without the obstruction here involved, they would be privileged to go directly across Magnolia Street to Palmetto Creek. We do not think appellee or his occupants should be required to take a more circuitous route to reach the creek because of the arbitrary and unlawful acts of appellants. This inconvenience, we think, is peculiar and special to appellee in view of the proximity of his lots and premises to Palmetto Creek. He is entitled conveniently to enjoy the recreational advantages of his lots in their geographical proximity to Palmetto Creek.

We hold that he is entitled to the injunction that the trial court granted him.

There was no error on the part of the trial court in overruling appellants' demurrer to the complaint as amended.

The final decree of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.

COMPLAINANT'S EXHIBIT 1

PERDIDO        BAY

[217Z]

COMPLAINANT'S EXHIBIT 2 (from record in former appeal)

Subdivision
of
Lot 7, Block 43
in
Perdido Beach

PERDIDO BAY

[218Z]

Owner          Surveyor

COMPLAINANT'S EXHIBIT 3.

April 7, 1953

Geo. C. Randolph
Owner

[216Z]

288

Copied from Respondents' Exhibit 1
    showing Lot 7