JONES, Justice.
The Petition for Certification (for a determination of the status of the law of Alabama) of the United States District Court for the Northern District of Alabama, granted by this Court pursuant to § 6.02, Constitution of Alabama (Constitutional Amendment No. 328), is set forth, in pertinent part, as follows: “Statement of Facts:
“This is a lawsuit growing out of a two-vehicle collision which occurred within the confines of a United States Government Reservation, Redstone Arsenal, in Madison County, Alabama, on February 5, 1975. The plaintiff, a resident and citizen of Madison County, Alabama, Louis M. Hill, was a passenger in one vehicle and claims to have been injured as a result of negligence on the part of defendant Jeffery G. Kean, a nonresident of the state of Alabama and driver of the other vehicle. Plaintiff Hill alleges that defendant Kean negligently allowed the vehicle he was driving to collide with the vehicle in which Mr. Hill was a passenger. Plaintiff Hill further alleges that his injuries resulted from negligence on the part of defendant Brian R. Te-treault, also a nonresident of the state of Alabama, and owner of the vehicle driven by Mr. Kean, in that Mr. Tetreault negligently entrusted the vehicle to Mr. Kean. Both defendants were stationed at Red-stone Arsenal at the time the accident occurred.
“The plaintiff, a resident of the state of Alabama, filed suit in the United States District Court for the Northern District of Alabama against defendants Kean and Te-treault, both of whom are nonresidents of the state of Alabama, claiming an amount of damages exceeding the sum of $10,000. Both defendants received service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure, and consequently Rule 4 of the Alabama Rules of Civil Procedure. Mr. Tetreault, a resident of the state of Texas, has answered the complaint and filed motions relating to discovery. Mr. Kean, a resident of the state of Kansas, has filed a motion to dismiss the complaint or in the alternative to quash the service of process upon him based upon several allegations, one of which is that service of process was insufficient since the accident made the basis of the suit occurred within the confines of Redstone Arsenal, a United States Government installation, on a highway which is not a public highway within the meaning of Rule 4(b)(8)(C) and (D) of the Alabama Rules of Civil Procedure.
“The Supreme Court of Alabama’s certification on the following questions of law would be most helpful to this court in its assessment of the motion presently pending.
“Questions for certification:
“(1) Is a highway within the confines of a United States Government installation a public highway within the meaning of Rule 4(b)(8)(C) of the Alabama Rules of Civil Procedure, therefore subjecting a nonresident operator or owner of a vehicle involved in an accident on such a highway to service of process through the Secretary of State of Alabama, pursuant to Rule 4(b)(8)(C) of the Alabama Rules of Civil Procedure as autho *7 rized by Rule 4(d) of the Federal Rules of Civil Procedure?
“(2) Does an accident which occurs on a highway within the confines of a United States Government installation constitute the doing of such an act as to subject a nonresident operator or owner of a vehicle involved (such as the military personnel involved as defendants in this case) to service of process through the Secretary of State of Alabama, pursuant to Rule 4(b)(8)(B) of the Alabama Rules of Civil Procedure as authorized by Rule 4(d) of the Federal Rules of Civil Procedure?”
Because this Court answers Question No. 1 in the affirmative, we will pretermit any consideration of Question No. 2.
Two factors, material to our consideration, are apparent from the statement of Question No. 1.
1) The issue of territorial jurisdiction is not included within the certification. Thus, our affirmative response presupposes that the office of the Secretary of State (the State agency charged by old Rule 4(b)(8)(C) to effect service of process on non-resident defendants)[1] is not without territorial jurisdiction to perform its ministerial function.
2) Although this diversity of citizenship suit had its origin in the Federal District Court, there is no body of Federal law, substantive or procedural, sufficient unto itself, by which process may be served on the defendants. Rule 4(d), Federal Rules of Civil Procedure, authorized service of process under the law of the forum.
When thus analyzed, the question reduces itself to a single point: For purposes of Rule 4(b)(8)(C), ARCP, is the highway within the confines of Redstone Arsenal, a United States Government military reservation on which the automobile collision in question occurred, a public highway?
Rule 4(b)(8)(C), ARCP, reads:
“[The Secretary of State shall be deemed to have been appointed as agent for service of process upon] [a]ny non-resident who operates a motor vehicle on a public highway in this state . provided that the authority of the Secretary of State to receive service of process for such non-resident shall be limited to process in actions against such non-residents growing out of any accident or collision in which such nonresident . . shall be involved while being operated on a public highway of this state . .”
While neither the Rule, nor the statutes which it supersedes, defines “public highway,” we believe its definition can be readily ascertained from the spirit and philosophy of the Rule. The Alabama Supreme Court is committed to the proposition that the scope of substituted service is as broad as the limits of constitutional due process. Boyd v. Warren Paint & Color Co., 254 Ala. 687, 49 So.2d 559 (1950); New York Times Company v. Sullivan, 273 Ala. 656, 144 So.2d 25 (1962). That this Court, in adopting the substituted service provisions of Rule 4 (originally and as amended), intended to perpetuate and to further this general purpose cannot be seriously challenged.
It is within the context of this broad and liberal philosophy, limited only by due process considerations, then, that we hold this highway to be a public highway, as contemplated by Rule 4(b)(8)(C). The term “public highway,” where not restricted in its definition by the Rule itself, must be broadly interpreted so as to include all those highways not private; i. e., all those highways which do not fit into the opposite definition — “private”—must be said to be public for the beneficent purpose of the procedural rule for substituted service.
While we have used the broadest concept for defining “public highway,” we hasten to point out that we do no violence to statutory or case law in this area. For example, Title 36, § 1(12), Code, states:
“ . . . The term ‘highway’ shall not be deemed to include a roadway or driveway upon grounds owned by private persons.” (Emphasis added.)
*8 Title 51, § 692, Code, contains this definition:
“ ‘Public highway’ means every highway, road, street, alley, lane, court, place, trail, drive, bridge, viaduct or trestle . and laid out or erected as such by the public or dedicated or abandoned to the public or intended for use by or for the public. The term ‘public highway’ shall apply to and include driveways upon the grounds of universities, colleges, schools and institutions, but shall not be deemed to include private driveways, private roads or private places not intended for use by the public.” (Emphasis added.)
This Court, in Holz v. Lyles, 287 Ala. 280, 251 So.2d 583 (1971), defined a public highway as being “[0]ne under the control of the public, dedicated by the owner or used by the public for 20 years or established in á regular proceeding, and every public thoroughfare is a highway.”
Thus, a public highway has been defined as that which is not private and that which is generally intended for public use.
The central thrust of the defendant/appellant’s argument is that the highway on which the wreck in question occurred was on a United States Government military reservation. But this contention reveals its own weakness when tested by the public versus private standard. Indeed, it would be difficult to conceive of a more public, or less private, roadway or thoroughfare than one that is built, maintained, and owned by all the citizens of the United States, and whose general purpose is for public use.
Defendant/appellan^ argues further the fact that the highway-entrances to the installation are guarded by military police stations, and, thus, the usage of the highway is controlled, rather than unrestricted, is significant to our consideration. We find no such factual statement included in the certification petition. Moreover, assuming the highway is restricted in its use to certain classes of the public (e. g., military personnel, civilian employees, and visitors on official business), such restrictions could not render the highway private as opposed to public.
For the reasons stated, we answer Question No. 1, “Yes.”
All the Justices concur.

. The current procedure (adopted since this cause of action arose) for serving process on non-resident defendants is provided by new Rule 4.2.