This is an appeal by Graydon Hall, defendant below, from a decree of the Baldwin County Circuit Court declaring certain land to be a public road and enjoining Hall from obstructing the same.
The land at issue is a thirty-foot strip of property located in Baldwin County, Alabama, which lies between Lot 10 of the Steele Subdivision and Lot 1 of the Piney Woods Subdivision. Both subdivisions lie in a part of what is known as Lot 1 of the Marone Cook Division of the Lamey Grant.
On June 14, 1926, Thomas A. Steele conveyed the southern portion of Lot 1 of the Marone Cook Division to H.J. Champion. In this conveyance Steele reserved title to the thirty-foot strip in controversy for a "public road." In 1932 Steele filed for record the plat of the Steele Subdivision. This plat shows the disputed roadway running from the west side of Lot 10 to the Bon Secour River.
Champion conveyed title to the acreage south of the Steele Subdivision to Claude Peteet. In 1949, Peteet conveyed this land and Lots 8, 9, and 10 of the Steele Subdivision to C.P. Taylor and John G. Evans, who later subdivided this property into Piney Woods Subdivision. The deed reflects the reservation of the thirty-foot strip for public road purposes as does the plat for Piney Woods Subdivision filed in 1953. Taylor and Evans attempted unsuccessfully to vacate the road in 1950. In 1967, they sold the property to Hubert Pair and gave him a quitclaim deed to the thirty-foot strip, because they were not sure whether they owned the road or not. Appellant Hall then purchased Lot 1 of Piney Woods and the thirty-foot strip from Pair in 1976. Hall maintains a barricade across the western end of the roadway which obstructs public access.
Appellees C.R. and Sybil Polk own land abutting Camellia Del Road west of the intersection of Camellia Del and the disputed roadway. They sought to enjoin Hall from obstructing their access to the Bon Secour River by way of this road. Appellees claim a special interest in the availability of access across the disputed strip due to the proximity of their property to the river. Without the road in question, the Polks will have to take a more circuitous route to reach the Bon Secour River.
After a careful consideration of the record, we affirm the decision of the court below.
Hall contends that the thirty-foot strip of property was not sufficiently dedicated as a public road. In Alabama, dedication of a public way may be accomplished by a statutory proceeding or common law dedication. Witherall v. Strane, 265 Ala. 218,90 So.2d 251 (1956). A common law dedication consists of acts indicative of the intent of the owner to dedicate property to a public use and acceptance by the public. Trustees of HowardCollege v. McNabb, 288 Ala. 564, 263 So.2d 664 (1972); Moragnev. City of Gadsden, 170 Ala. 124, 54 So. 518 (1911); Smith v.City of Dothan, 211 Ala. 338, 100 So. 501 (1924); Manning v.House, 211 Ala. 570, 100 So. 772 (1924); Still v. Lovelady,218 Ala. 19, 117 So. 481 (1928). The owner must unequivocally intend to create a public right exclusive of his own. O'Rorkev. City of Homewood, 286 Ala. 99, 237 So.2d 487 (1970). Further, intent to dedicate may be shown by a deed to an individual where the owner declares part of his land reserved to a public use. Davidson v. City of Birmingham, 212 Ala. 123,101 So. 878 (1924).
The evidence below is sufficient to justify a finding of intent to dedicate on the part of the owner of land. Not only did Thomas A. Steele reserve the roadway for public use in his 1926 deed, but he included it on the plat of Steele Subdivision in 1932, although the surveyor's certificate did not refer to it as such. The plat clearly shows the road which runs west from the river for the length of the waterfront lots.
In addition to a finding of intent to dedicate, public acceptance by use must be shown. McNabb, supra, Moragne, supra.
There was testimony by Dwight Steele to the effect that the public had used the road *Page 302 
to get to the river since 1906, and due to this, his father Thomas Steele reserved it for the public in a 1926 conveyance. Harry Weeks, a neighboring property owner testified that he had been familiar with the property since 1945 and that he was aware that the road was used by the public. Jasper Heaton and C.R. Polk stated that they had both used the road since the early 1950's. The evidence shows that the public has used the thirty-foot strip as access to the Bon Secour River for well over fifty years. The evidence as to the reservation of the road for public use by deed and the actual use by the public, supports a finding of effective dedication.
An individual may bring an action to prevent the obstruction of a public road where he has suffered damages different in kind and degree from those suffered by the public in general.Holz v. Lyles, 287 Ala. 280, 251 So.2d 583 (1971); Ayers v.Stidham, 260 Ala. 390, 71 So.2d 95 (1954); Sandlin v.Blanchard, 250 Ala. 170, 33 So.2d 472 (1947). Hall claims that the Polks failed to prove special injury as a result of the obstruction of the thirty-foot strip that would entitle them to an injunction. The law clearly states that if an obstruction forces the owner of land abutting on the obstructed road into a circuitous route to the outside world or denies convenient access to a waterway, he has suffered special injury. Holz,supra; McPhillips v. Brodbeck, 289 Ala. 148, 266 So.2d 592
(1972); Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954). Hall maintains that since the Polks' property does not abut the obstructed roadway, they have not suffered special injury, citing Ayers v. Stidham, supra. Ayers is distinguishable from our case on its facts. There plaintiff's land did not abut on the obstructed road and was some distance from it. He was prevented from using a road as a means of getting to a cemetery where members of his family were buried. The evidence showed that the road was no longer used for access to the cemetery and further, that three other roads provided access. The court held that under the facts, the plaintiff failed to prove special injury.
There is evidence in the record that the Polks own and live on land that abuts some 1500 feet on the west side of a county road, known as Camellia Del Road, opposite the intersection of the west end of the roadway in dispute. The location of this land is shown by the following testimony:
 Q. Okay. And approximately where on the Camellia Del Road in relationship to this strip do you live?
 A. Well, this road here — this public access road runs east and west. When you come off of the river up through here on this access and cross the county road you enter my drive and continue on west about 300 feet exactly adjacent.
The Bon Secour River lies directly east of the Polks' land, and there is evidence that the obstructed roadway is the only direct, convenient access from their property to the river. Without it they will be forced to use the nearest access which is four or five miles away. This access offers them a valuable right as landowners in close proximity to the river.
In Holz v. Lyles, supra, this court found special injury by obstruction of an access to a waterway which entitled a property owner to an injunction. There, appellee owned two lots, one fronting on Magnolia Street in Baldwin County and one directly behind the front lot. Magnolia Street provided direct access for the two lots to Palmetto Creek although only one of the lots abutted the street. The court enjoined obstruction of Magnolia Street saying:
 We do not think appellee or his occupants should be required to take a more circuitous route to reach the creek because of the arbitrary and unlawful acts of appellants. This inconvenience, we think, is peculiar and special to appellee in view of the proximity of his lots and premises to Palmetto Creek. He is entitled conveniently to enjoy the recreational advantages of his lots in their geographical proximity to Palmetto Creek.
This reasoning is applicable in our case. One of the lots inHolz did not abut the *Page 303 
blocked roadway and another, though more circuitous, route to the creek existed. Nevertheless, the court found special injury to appellee, different from that of the general public. Similarly in our case, the Polks' land does not directly abut the blocked roadway and a more circuitous route is available. However, in view of the proximity of the Polks' land to the Bon Secour River and the lack of convenient access, we would not be justified in reversing the lower court's finding of special injury.
Hall asserts that because part of the evidence was submitted to the trial court in the form of deposition, the usual rule that a verdict will not be disturbed unless plainly erroneous is not applicable. The rule has long been established to the contrary that where the trial court's determination is based on evidence, part of which was offered orally, and part by deposition, its finding has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably erroneous and contrary to the great weight of the evidence.Jones v. Moore, 295 Ala. 31, 322 So.2d 682 (1975); Kendall v.Kendall, 268 Ala. 383, 106 So.2d 653 (1958); St. Paul Fire Marine Ins. Co. v. Johnson, 259 Ala. 627, 67 So.2d 896 (1953). In answer to Hall's contention that the decision is against the great weight of the evidence, our examination of the record reveals that the evidence is sufficient to warrant a finding of dedication of the thirty-foot right of way as a public road.
Finally, Hall contends that the admission of certain hearsay statements made by Dwight Steele constitutes reversible error. Steele was asked the following question concerning his father's intent in reserving the road for the public, which was objected to as calling for hearsay:
 Q. All right. I'm going to ask you did your father ever inform you of the purpose of that right of way?
The trial court permitted the following response:
 A. He said he was getting tired of folks coming into his house . . .
THE COURT: No, the purpose of it.
 A. So people could get to the water without them coming in and waking him up in the morning. So he give it to the public for a public road in there.
Even if the admission of a hearsay statement is technical error, the error is rendered harmless by other evidence to the same effect received without objection. Rosen v. Lawson,281 Ala. 351, 202 So.2d 716 (1967); Schoen v. Schoen, 271 Ala. 156,123 So.2d 20 (1960); Randolph v. Kessler, 275 Ala. 73,152 So.2d 138 (1963); Dillard v. Alexander, 277 Ala. 202,168 So.2d 233 (1964). The reservation of a thirty-foot public road in his deed and the appearance of the road on the plat are competent evidence to the effect that Thomas Steele intended to dedicate a public road. The hearsay evidence was received elsewhere in this case, and unless the error complained of has injuriously affected the substantial rights of the parties, this court will not reverse a judgment on appeal.
The decision of the Baldwin County Circuit Court is hereby affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, JONES, ALMON and SHORES, JJ., concur.
BEATTY, J., with whom FAULKNER, J., joins, dissents.
EMBRY, J., not sitting.