This is an appeal from an order setting aside the vacation of a portion of a public road, Code 1975, § 23-4-20, and enjoining abutting land owners from obstructing the road. We affirm.
Jack Miller, Jr., and Floyd Johnson were the owners of coterminous parcels of land in Etowah County which abut the backwaters of the Henry Neely Reservoir of the Coosa River. On July 28, 1977, Miller and Johnson dedicated a portion of their property to be used as a public street by executing and recording in the office of the Judge of Probate of Etowah County a right-of-way deed to Etowah County. This forty-foot right-of-way, which spanned twenty feet on either side of the common boundary between the Miller and Johnson properties, *Page 829 
ran from the backwaters of the Neely Reservoir to other open public roads. (See appended diagram supplied by this Court.)
Subsequent to the dedication, Miller divided his property into parcels and sold one to Jeffery Williams on November 8, 1977; one to Franklin Cotton on December 20, 1977; and one to Lawrence Williamson on January 6, 1978. As the appended diagram indicates, all three parcels abut the dedicated road. Williams's property is situated on the water, while the property sold to Cotton is situated between the Williams and Williamson properties.
On March 21, 1978, Johnson and Williams petitioned the Etowah County Commission to vacate that portion of the road which fronted Williams's property and terminated at the water. The Commission consented to this vacation and a duly executed resolution of the Commission vacating and annulling that portion of the road was recorded in the office of the Judge of Probate on April 14, 1978. With the vacation of this portion of the road, the only other access to the water available to the abutting and nearby land owners was through a private marina, located more than one mile away, which charged a fee for the use of its facilities.
Two months after the vacation, Cotton sold his property to Norton. On May 22, 1979, Norton filed suit in Etowah County Circuit Court to have the vacation set aside and to enjoin Johnson and Williams from obstructing his access to the water. Williamson subsequently joined in the suit as party-plaintiff. Upon the conclusion of the trial, the judge granted Norton and Williamson's requested relief. Williams and Johnson contend this was in error. We disagree.
It is well settled that an individual may bring an action to enjoin the obstruction of a public road if he suffers an injury different in kind and degree from that suffered by the general public. Ayres v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954). However, because "the vacating of dedicated streets is not lightly to be viewed when it deprives others, and especially abutting land owners, of their use," McPhillips v. Brodbeck,289 Ala. 148, 153, 266 So.2d 592, 596 (1972), this Court has recognized that an individual, as an owner of land which abuts a public road, suffers a special injury if an obstruction of that road denies him convenient access to a nearby waterway or forces him to take a more circuitous route to the outside world. Hall v. Polk, 363 So.2d 300 (1978); McPhillips v.Brodbeck, supra, Holz v. Lyles, 287 Ala. 280, 251 So.2d 583
(1971).
In Hall v. Polk, supra, this Court found that the Polks acquired a valuable right by virtue of their close proximity and convenient access to the Bon Secour River. Accordingly, we affirmed the circuit court's order enjoining Hall from obstructing the public road which served as the Polks' means of access to the river. In McPhillips v. Brodbeck, supra, this Court held that the circuit court properly set aside a partial vacation of a public street and enjoined the abutting land owners from obstructing the street because it provided McPhillips with the only convenient access to Mobile Bay. Similarly, in Holz v. Lyles, supra, this Court agreed that an injunction would lie to enjoin Holz from obstructing a street which served as Lyle's means of access to Palmetto Creek because Lyles was "entitled conveniently to enjoy the recreational advantages of his lots in their geographical proximity to Palmetto Creek." 287 Ala. at 285,251 So.2d at 588.
It is clear from the foregoing cases that Norton and Williamson have suffered a special injury which entitles them to the relief granted by the circuit court. Both own property which abuts a public road that terminates at a nearby watercourse. Their access to that body of water is a valuable right which not only increases their personal enjoyment of their property but also increases its economic value. The vacation of the road does not serve the interest of either the public or abutting land owners, but instead serves only the personal and individual interests of Johnson and Williams. It forces Norton and Williamson to take a more circuitous route to a point of access to the water where they *Page 830 
must pay for such access. Both are thereby denied the right of convenient enjoyment of the economic and recreational advantages of their lots in their geographical proximity to the nearby waterway. We therefore conclude that the order below setting aside the vacation and enjoining the obstruction of the public street is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[EDITORS' NOTE: APPENDIX IS ELECTRONICALLY NON-TRANSFERRABLE.]