BEATTY, Justice.
Appeal by the defendant from a judgment declaring certain real property a public way and enjoining defendant from obstructing it. We affirm.
The action began as an attempt by plaintiff to establish the dividing line between the real property of the parties. The defendant denied plaintiffs allegations of ownership, and counterclaimed for ownership by virtue of a deed to the disputed property, as well as adverse possession. Plaintiff later amended his complaint, by asserting that the disputed strip of land was a public way, and sought injunctive relief. Defendant moved for a survey. The trial court granted this motion and appointed a surveying firm to make a survey.
The case was presented ore tenus, following which the trial court entered a judgment finding that the subject real property “is now and has been for more than 20 years a well defined public road by reason of adverse use by the public continuously *188 for more than twenty (20) years, running through reclaimed land.” The trial court then ordered that the survey be made of the roadbed and its boundaries staked; that a map and description of the roadbed be filed for record; and that the costs of the survey be paid, one-half by the plaintiff and one-half by the defendant.
Defendant’s motion for a new trial was denied and this appeal ensued, with defendant raising three controlling issues, viz.:
(1) Whether or not plaintiff alleged and proved special injury such as would entitle him to maintain a suit for injunctive relief against the obstruction of a public road.
(2) Whether or not there was sufficient evidence to support the judgment.
(3) Whether or not the trial court abused its discretion in assessing against the defendant half the cost of the survey.
I.
The burden is on the plaintiff to allege and prove a special injury when he seeks injunctive relief against an encroachment or obstruction of a public road. Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954). Insofar as plaintiffs allegations are concerned, he alleged that the way in question wás a public road and that he “has obtained rights and interest in and to the above described public road ... or ... a use of said public road by dedication of said road to the public.” Under notice pleading, this general allegation of special injury was sufficient. Rule 8, A.R.Civ.P.
On the question of proof of special injury, it was shown that plaintiff is the owner of land abutting the obstructed road. In Williams v. Norton, 399 So.2d 828 (Ala.1981), this Court recognized that “an individual, as an owner of land which abuts a public road, suffers a special injury if an obstruction of that road denies him convenient access to a nearby waterway or forces him to take a more circuitous route to the outside world.” 399 So.2d at 829. Plaintiff, himself, testified that on numerous occasions when another route was inaccessible he had used the roadway in question to park his car and walk down the ridge (on which part of this roadway was located) to his home. Under these circumstances, there was some evidence before the trial court of special injury under the principle stated above.
II.
Was there sufficient evidence to support the judgment?
Farrell Clayton, plaintiff, was shown to own real property east of that owned by Thelma Cleland, defendant. It was .shown, in fact, that the property to the north and east of the Cleland property had been Clayton property for some 60 years. The southern boundary of defendant’s land is formed by a roadway known as Ridge Avenue, which runs west to east, being intersected by Fowler Street at the southeast corner of defendant’s land. Fowler Street runs north and south. The parties’ dispute concerns the existence of a roadway north of Ridge Avenue where it is intersected by Fowler Street.
The plaintiff, age 68, testified to his long knowledge of the property and the disputed roadway. Concerning the roadway leading in a northerly direction from Ridge Avenue, he stated that “there was always a road there,” lining up exactly with Fowler Street, and going “straight over the top of the hill.” The way “always” divided the property. Plaintiff testified that he had used the way “since I was able to walk.” His home was located beyond the hill, which the way crossed, and in the next hollow. According to plaintiff, the Cleland property had been owned previously by a family named Ware, who lived on it for approximately 40 years. During that time, the roadway was never blocked. It was a part of Alabama City at one time and was worked on by that city, and he remembered that the Works Progress Administration (W.P.A.) had placed a sewer line up the disputed way about 100 feet beyond and north of the intersection with Ridge Avenue.
*189 Mr. Clayton also testified to his personal knowledge for “possibly forty” years of the general public’s use of this way north of Ridge Avenue, “driving cars up there, leaving them while they walked and went over the mountainside.” He stated that there was another road to the hollow beyond, but “the road was so bad in this hollow and on beyond the big mountain back there, you could hardly drive a car over it. In fact [there was] an impasse for years at one time.” Mr. Clayton explained, however, that at the present time cars were frequently being driven on this road to his home. But as to the roadway in question, it stopped barely over the hill, never going down the north side of the hill. He testified that as automobiles became more plentiful people usually traveled the other road by the side of the mountain and parked at his house, rather than using the way in question.
Plaintiff also testified that there were fences on both sides of this road, the fence on his side of the road enclosing cultivated fields.
Several other witnesses testified for plaintiff and established the disputed roadway as having been used as a public street for many years and worked on by the City of Gadsden. One of these was the son of James R. Ware, who had previously owned the Cleland property. His testimony was substantially the same as that of plaintiff. Another was J.C. Bellamy, who lived on Ridge Avenue. He testified that the general public had used the disputed roadway since 1926.
The defendant’s evidence sharply disputed plaintiff’s evidence. Some of this evidence established that no road existed extending Fowler Street north of Ridge Avenue; that there was only a “turnaround” or driveway. Other evidence disputed its use by the general public and its having been worked on by the City of Gadsden. On the record, a case was made on disputed evidence for a decision by the trial judge. After viewing the property himself, the trial judge decided in favor of the plaintiff that the disputed roadway had become a well-defined public roadway through adverse, continuous public use for more than 20 years. When the trial court has had evidence presented ore tenus, a presumption exists as to the correctness of its findings of fact. Conley v. City of Montgomery, 414 So.2d 58 (Ala.1982). The defendant’s arguments that the evidence shows only “permissive” use, and, in the alternative, that the evidence shows abandonment by the public, likewise were questions for the trial court to resolve. See Reed v. Waters, 852 So.2d 1344 (Ala. 1977); Davenport v. Cash, 261 Ala. 380, 74 So.2d 470 (Ala.1950).
III.
With regard to the third issue, we cannot conclude that the trial court abused its discretion by allocating to defendant one-half of the costs of the survey which was performed. Code of 1975, § 35-3-22, clothes the trial court with authority “of fixing the manner in which the cost of such survey is to be paid.” See also Rule 54(d), A.R.Civ.P.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.