Roy Barber and Carol Barber appeal from the circuit court's dismissal of their petition for a writ of mandamus. We affirm.
Roy Barber and his wife Carol Barber filed a petition for a writ of mandamus against the Covington County Commission and the individual members thereof, seeking to require the Commission to remove certain obstructions from, and prevent the further blocking of, a road leading to their property. The Commission filed a motion to dismiss the petition, stating that it failed to state a claim upon which relief could be granted. This motion was granted, and the Barbers appeal.
The Barbers alleged in the petition that the road in question has been a recognized public county road for over fifty years and provides the only access to their property. They further alleged that the road is being blocked and obstructed by Huron Anderson and that the Commission has failed to remove the obstructions, thereby denying them and the public access to their property. The Barbers also alleged that the Commission attempted to abandon the road, and they argue that, in so doing, it acted arbitrarily, capriciously, without good cause, and in violation of § 23-4-1, et seq., Ala. Code 1975.
The Barbers insist that the petition states a claim upon which relief can be granted. They argue that the Commission has general superintendence of the public roads within its jurisdiction, under § 23-1-80, Ala. Code 1975, and, pursuant to that section, has the power to reopen and maintain a public road that has been wrongfully obstructed and closed. They further argue that mandamus is proper in this case to compel the Commission to so act. *Page 947 
The Commission contends that the exercise of its powers pursuant to § 23-1-80 is discretionary and, in the absence of an allegation of fraud, corruption, or unfair dealing in relation thereto, is not subject to judicial review. We agree.
Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Martin v. Loeb Co., 349 So.2d 9 (Ala. 1977).
Section 23-1-80, Ala. Code 1975, reads as follows:
 "The county commissions of the several counties of this state have general superintendence of the public roads, bridges and ferries within their respective counties so as to render travel over the same as safe and convenient as practicable. To this end, they have legislative and executive powers, except as limited in this chapter. They may establish, promulgate and enforce rules and regulations, make and enter into such contracts as may be necessary or as may be deemed necessary or advisable by such commissions to build, construct, make, improve and maintain a good system of public roads, bridges and ferries in their respective counties, and regulate the use thereof; but no contract for the construction or repair of any public roads, bridge or bridges shall be made where the payment of the contract price for such work shall extend over a period of more than 20 years."
This section confers upon the county commissions of this state the general superintendence of the public roads within their respective jurisdictions so as to render travel over the same safe and convenient. To this end, they have certain discretionary powers as enumerated in this section. In Wrightv. Pickens County, 268 Ala. 50, 55, 104 So.2d 907, 912 (1958), the Court stated:
 "The powers of courts of county commissioners with regard to public roads are prescribed in § 43, Tit. 23, Code 1940 [the predecessor of § 23-1-80]. . . .
 "It has been held that the exercise of the discretionary power given to the boards mentioned in § 43 cannot `be restrained or reviewed, unless it has been in a fraudulent, corrupt, or unfair conduct of the business of the county.' Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, [485], 71 So. 704, 705; Bentley v. County Commission for Russell County, 264 Ala. 106, 109, 84 So.2d 490, 493.
"In the O'Rear case it is said:
 "`In the location, erection, repair, or removal, or in the furnishing of the county's buildings, bridges, and roads, the court of county commissioners or board of revenue have a discretion that cannot be exercised for them by any other county official, or directed by any court, except only when their acts are such as amount to fraud, corruption, or unfair dealing. In the performance of these statutory duties, boards of revenue and courts of county commissioners exercise a function that is quasi legislative. * * In Town of Eutaw v. Coleman, [189 Ala. 164, 66 So. 464], this court said: "We are not dealing with any question of the advisability of what the commissioners have done. There is no charge of fraud, corruption, or unfair dealing, and, in the absence of some such charge, this court is committed to the doctrine that in no case involving the exercise of discretionary power by the court of county commissioners will their action be controlled by any judicial tribunal."'
"From the Bentley case is the following:
 "`* * * Our cases are to the effect that the action of a county governing body in the exercise of discretionary powers vested in it is not subject to judicial review except for fraud, corruption, or unfair dealing. * * *'"
In Alabama Great Southern R. Co. v. Denton, 239 Ala. 301,305, 195 So. 218, 221 (1940), the Court stated: *Page 948 
 "The plenary power of the state to provide a system of rural highways, to readjust them by relocation and discontinuance of old roads, is well settled.
 "As to county roads, not under the State Highway Department, this power has been conferred upon the county governing body.
 "The Court of County Commissioners is given general jurisdiction, with legislative, executive and judicial powers, over the matter of providing a system of county roads. . . .
 "When the question of the need for a public road is involved, the law commits this to the county authorities. The matter of the creation or discontinuance of a public road is legislative. The legislative body may and should consider all factors, the public need and convenience, the expense of the road system, the hazards and expense of frequent grade crossings over railroads, etc.
 "These matters are of legislative, not of judicial cognizance. A court of equity is without jurisdiction to determine the question of the public need for a highway.
 "The jurisdiction of the Court of County Commissioners to order this road reopened and repaired as in Rudolph v. City of Birmingham
[188 Ala. 620, 65 So. 1006] is not to be questioned.
 "Under the facts of this case, we are of the opinion the jurisdiction to determine whether this road should now be reopened, reconstructed and maintained is in that governing body. A primary consideration is whether there is now a public need for such road. If a court of equity orders this done because the obstruction in the beginning was without lawful right, that body could at once by lawful order discontinue such road."
In the present case, there is no allegation of fraud, corruption, or unfair dealing on the part of the Commission. In the absence of some such allegation, the Commission's exercise of the discretionary powers vested in it is not subject to judicial review by mandamus. Furthermore, mandamus is not proper where another adequate remedy exists. The obstruction of a public road, depriving the public of the use of a public convenience, is a public nuisance, and an action to abate such a nuisance may be maintained by an individual on behalf of the public, if he or she has a special interest in the road.Alabama Great Southern R. Co. v. Denton, 239 Ala. 301,195 So. 218 (1940).
The requirements for the issuance of a writ of mandamus not having been satisfied, the petition was properly dismissed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.