"Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Barber v. Covington County Comm'n, 466 So.2d 945, 947 (Ala. 1985).
See also Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000).
Section 8-1-41(3), Ala. Code 1975, explicitly prohibits the enforcement of "[a]n agreement to submit a controversy to arbitration." In Sisters ofthe Visitation v. Cochran Plastering Co., 775 So.2d 759, 765 (Ala. 2000), this Court held that the proponent of an arbitration clause "has the burden of [proof]." This Court further determined in RogersFoundation Repair, Inc. v. Powell, 748 So.2d 869 (Ala. 1999), that the proponent of an arbitration provision must do more than merely recite the provision.
Greenstreet has deviated from the precedent established in Rogers, supra, and in Sisters of the Visitation, supra. Greenstreet supported its motion to compel arbitration solely by reciting the terms of its contract with Hyde.
Greenstreet has petitioned this Court for drastic and extraordinary relief. Yet Greenstreet has failed to comply with this Court's precedent, which requires it to prove each element necessary to compel arbitration.
This appeal presents one issue: Is Greenstreet entitled to the writ of mandamus it seeks? Greenstreet has failed to prove "a clear legal right . . . to the order sought" and has failed to prove "an imperative duty upon the [trial court] to perform, accompanied by a refusal to do so."Barber, supra. *Page 1212 
I therefore concur in that part of the opinion that denies the writ of mandamus. I am, however, troubled by the opinion's conclusion that "the trial court abused its discretion in allowing Hyde to conduct discovery," 806 So.2d at 1207, despite Greenstreet's conclusive failure to satisfy its burden of production. This dictum would require a party opposing arbitration to allege a basis for opposing the arbitration motion, in order to obtain discovery. I would prefer to decide this case on its merits, namely on Greenstreet's failure to carry its burden of proof. I conclude that, because of that failure, the burden never shifted to Hyde to justify the need for discovery. See Ex parte General Motors Corp.,769 So.2d 903 (Ala. 1999). Even if it had, I would allow the trial judge to use his discretion in determining whether to grant a continuance for Hyde to develop an adverse argument and adverse evidence. Accordingly, I respectfully dissent from that dictum; I think it will needlessly encumber Alabama's trial courts procedurally and will not clarify this area of the law substantively.