MURDOCK, Justice
(dissenting).
I dissent. The Limestone County Commission’s decision to vacate over 2,000 feet of Dogwood Flats Road may be due to be. upheld on the merits, but I cannot agree that Sara Johnson Crossfield does not have standing to challenge that decision.
As the main opinion notes, one who establishes that he or she has a “special injury” resulting from the vacation of a road has standing to challenge that vacation. The main opinion further observes that “[a]n individual suffers a special injury when he or she has suffered damage ‘different in kind and degree from [that] suffered by the public in general.’ ” 164 So.3d at 552 (quoting Hall v. Polk, 363 So.2d 300, 302 (Ala.1978)).
Crossfield’s home and property abut Dogwood Flats Road at a point only 400 feet north of the vacated section. That fact alone gives Crossfield an interest in the roadway different from that of the general public. Furthermore, the rendition of the facts provided by the- main opinion makes it clear that the vacation of Dogwood Flats Road will deprive Cross-field of a relatively direct means of access to Piney Creek. Moreover, Crossfield testified by affidavit that the vacation of Dogwood Flats Road will affect the value of her property, safety, and drainage. Thus, both Crossfield’s allegations and the undisputed facts establish that she suffered the kind of “special injury” required to allow her to' challenge the vacation of Dogwood Flats Road.
SHAW, WISE, and BRYAN, JJ., concur.